HENRY V. TRUITT, trading in the name, style and firm of TRUITT & COMPANY, defendant below, plaintiff in error, *vs.* G. M. LAMB & BRO., plaintiff below, defendant in error.

## *Certiorari—Practice.*

Recognizance examined by the Court, to ascertain to which of two judgments, bearing even date, and sent up at the same time, the exceptions filed referred.

*(October 7, 1897.)*

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Woodburn Martin* for plaintiff below.

*Edward D. Hearne* for defendant below.

Superior Court, Sussex County, October Term, 1897.

CERTIORARI directed to Jesse W. Robinson, Esq., a Justice of the Peace in and for Sussex County. Record and proceedings sent up, showing two summons, one for $138.00 and costs on a protested check, the other for $28.76 on book account, and both issued same day to same constable, returnable forthwith; and also showing two judgments by default against the said defendant, bearing date the same day, for $140.08 and $28.76, respectively. Execution issued on each of said judgments. The defendant filed the following exceptions to the record, viz:

"*First.* For that the said G. M. Lamb & Bro., a partnership, sued by their firm name and not by the individual members composing the said firm as by law required, which is error.

" For this and many other errors and imperfections in the record contained, the plaintiff prays that the judgment below may be vacated, reversed, set aside and held for naught."

*Mr. Martin* contended that although the error referred to (it being the same in both judgments) was fatal, yet the exceptions, contemplating the reversal of but one of the judgments, and not specifying which one of them, were vague and uncertain, and not in conformity with the uniform ruling of the Court in certiorari cases. *Deputy vs. Betts, 4 Harr. 352.* The exceptant had prayed that the *judgment* below be reversed, etc., without referring specifically to either of them, and that it was not in the

province of the Court to determine definitely from the record, which one was meant, and, therefore, that the writ should be dismissed. That as the amount of the recognizance required before issuing the writ was wholly in the discretion of the Prothonotary, therefore, the Court could not be guided by that amount in determining to which of said judgments the exceptions referred.

*Revised Code, Chap. 106, Sec. 15.*

LORE, C. J:—It appearing to the Court from the appearance docket that the recognizance was taken in the sum of sixty dollars, the exceptions have reference to the judgment for $28.76. The exceptions cannot be taken to refer to the judgment for $140.08, and are not to be considered in that regard.

We, therefore, order that the judgment for $28.76 be reversed.