THOMAS A. JOHNSON, Plaintiff Below, Appellant, v. FRANK MAYKOWSKI and EVA MAYKOWSKI, Defendants Below, Respondents.

*(January* 10, 1945.)

RODNEY, J., sitting.

*Harry Rubenstein* for Plaintiff Below.

*P. Warren Green* for Defendants Below.

Superior Court for New Castle County, No. 46, January Term, 1945.

RODNEY, J., delivering the opinion of the Court:

The first part of the statute and down to the brackets is an old statute first enacted in 1825 (*Vol.* 6, *Delaware Laws* 453), and was, until April 2, 1925, the entire statutory form of an appeal bond from a judgment rendered by a Justice of the Peace. The unreasonable necessity of a separate action on an appeal bond in certain cases clearly led to the approval on July 2, 1925, of the latter part of the section included in brackets, passed as a portion of *Chap.* 223, *Vol.* 34, *Laws of Delaware*, page 523, and resulting in the Statute as it now exists.

■■ The Statute has always been given a strict but reasonable construction. Thus in *Taylor & Stayton v. Woodlen*, 25 *Del.* (2 *Boyce*) 525, 82 A. 85, the appeal was dismissed because the bond did not strictly cover the judgment appealed from. In *Isaacs v. Isaacs*, 4 *W. W. Harr.* (34 *Del.*) 406, 154 A. 340, a motion to dismiss the appeal was refused when it appeared that the error in the bond did not affect the rights of the appellee.

*Wilson v. State*, 19 *Del.* (3 *Penn.*) 305, 51 A. 885, is strongly analogous to the present case. There the bond did not obligate the surety to pay any judgment which might be recovered against the "executors or administrators" of the appellant, as required by the Statute. The appeal was dismissed as not being "in compliance with the form prescribed by the Statute."

In the present case the bond reasonably complies with the provision of the Statute as to the older portion of the Act, but it fails utterly to comply with the latter portion in two particulars. It does not provide in any event for an entry of judgment against the "executors or administrators" of the surety, nor provide for entry of judgment against the surety if such judgment shall be given against the "executors or administrators" of the appellant. Both of these situations are precisely covered by the statutory form of bond, and make the case strongly analogous to *Wilson v. State, supra*. There can be but little reason for failure to execute a proper bond where the exact form is fully set out in the Statute, and the use of quotation marks in the Statute is indicative of the fact that the form, as prescribed, is expected to be reasonably followed.

The appeal must be dismissed.