**Ruth V. ADEMSKI, Appellant,**

v.

**William RUTH, Appellee.**

Supreme Court of Delaware.

May 5, 1967.

Joseph T. Walsh, Wilmington, for appellant.

B. Wilson Redfearn, Wilmington, for appellee.

WOLCOTT, C. J., CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the Superior Court's denial of appellant's motion to dismiss appellee's appeal to the Superior Court from a Justice of the Peace.

Appellee moved to dismiss the appeal. He argues that Rule 5, Del.C.Ann., permitting appeal by serving and filing a notice of appeal requires a waiver by appellee of the issuance of a citation and

writ of error. The motion is denied. The rule is clear that the endorsement acknowledging service of the notice, present in this case, is a sufficient signification of an acceptance. No formal waiver of the issuance of a citation and writ of error, as appellee contends, is required. ·

Ruth V. Ademski sued William Ruth in the Court of a Justice of the Peace. On June 24, 1966 judgment was entered against Ruth. Thereafter, on June 28, 1966 Ruth's counsel filed with the Justice of the Peace a notice of appeal and a bond with surety as security on appeal.

On July 5, 1966 the Justice of the Peace furnished Ruth's counsel with a transcript of docket entries in a case in which Stephen Ademski, rather than Ruth V. Ademski, was plaintiff against William Ruth. Thereafter, Ruth's counsel made repeated attempts to obtain a transcript of the proper case from the Justice of the Peace to no avail until August 8, 1966 when a transcript was received and promptly filed with the Superior Court. In the meantime, Ruth's counsel filed a praecipe on appeal on August 8, 1966, and Ademski was summoned on appeal on August 11, 1966.

The transcript filed in the Superior Court sets forth the Justice of the Peace Court's docket entries. These show the filing of the action; the issuance of a summons to Ruth; the constable's return; the holding of a trial; the entry of judgment in favor of Ademski, and the advice to the parties of their right to appeal.

■ Ademski then moved to dismiss the appeal by reason of the failure of the transcript to contain an entry of allowance of the appeal, and of security on appeal, in violation of 10 Del.C., §§ 9578, 9579. The Superior Court denied the motion to dismiss.[1]

■ The right of a party to appeal from a judgment entered in the Court of a Justice of the Peace is governed by 10 Del.C., §§ 9578, 9579, which read as follows:

"§ 9578. Time for appeals; security

"(a) An appeal shall be allowed by the Justice at any time within 15 days from the day of giving the judgment and not after, counting that day as one, upon the party entitled to the appeal or his agent or attorney praying it.

"(b) The party appealing shall offer security in such sum as the justice deems sufficient to cover the judgment appealed from and the costs on the appeal.

"(c) An appeal shall be allowed to executors or administrators without security.

"§ 9579. Entry of security on appeal

"(a) The justice of the peace who allows an appeal shall make an entry of the security offered on appeal as follows:

" 'On the ...... day of .........., A.D. ......, the said A. B. appeals and C. D. becomes surety in the sum of ............. Dollars, that the said appeal shall be prosecuted with effect and also that any judgment which shall be rendered against the said A. B. or his executors or administrators upon the said appeal shall be satisfied, and the said C. D. hereby authorizes and empowers the Superior Court of the State of Delaware in and for ............. County to give judgment against me, the said C. D., or my executors or administrators, as surety, for the same amount as shall be given against the said A. B., or his executors or administrators, and such judgment, if and when entered, shall be a lien upon my real estate, and may be

---

1. The Court's ruling consists of an order without recitals of reasons. The motion was briefed and argued but we cannot tell the precise ground or grounds relied on for the decision. We again, as we did in Walsh v. Hotel Corp. (not yet reported), take the occasion to point out that proper judicial action requires a Judge to state the reasons for his action, no matter how briefly.

collected and treated as any other judgment in said Superior Court.'

"(b) The entry of security shall be signed by the sureties or it shall be void."

The sections are jurisdictional statutes governing the right of appeal from judgments entered in a Justice of the Peace Court. If they are not complied with, the appellate court has no jurisdiction to entertain the appeal. Williams v. Singleton, 2 Storey 488, 160 A.2d 376. The statutes require that the Justice of the Peace make entries in his docket to show the existence of these jurisdictional facts. The failure of the transcript to evidence these matters deprives the Superior Court of jurisdiction over the appeal, which may be taken advantage of by motion to dismiss the appeal. II Woolley, Delaware Practice, § 1422; Pepper v. Warren, 2 Marvel 225, 43 A. 91; Wilson v. State, 3 Pennewill 305, 51 A. 885; Johnson v. Maykowski, 3 Terry 554, 41 A. 2d 464; S. & S. Builders, Inc. v. Eagle Truck Transport, 11 Terry 346, 130 A.2d 558.

■ Since the transcript at bar fails to show the entry of the two jurisdictional requirements of the cited sections, it was error to deny the motion to dismiss the appeal.

■■ This, however, does not end the matter. The error made was that of the Justice of the Peace in writing up his docket and in preparing the transcript. Since this is the fact, the right of appeal of a litigant should not be defeated by reason of the dereliction of a public officer charged with the performance of a duty. Cf. Casey v. Southern Corp., 26 Del.Ch. 447, 29 A.2d 174. While it is, of course, true that counsel for Ruth should have examined the transcript to insure its completeness before filing it, nevertheless, we think the difficulties he labored under in obtaining even this faulty transcript are circumstances excusing his failure in this respect.

The judgment below will be reversed and the cause remanded with instructions that

the Superior Court, upon motion duly made, grant leave to amend the transcript under Superior Court Rules 3(b) and 60(b), Del. C.Ann.