William J. STOREY, Defendant
Below, Appellant,

v.

Jeanne L. CAMPER, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted Nov. 20, 1978.

Decided March 30, 1979.

Mason E. Turner, Jr., of Prickett, Ward, Burt & Sanders, Wilmington, for defendant-appellant.

John R. Williams, of Schmittinger & Rodriguez, Dover, for plaintiff-appellee.

Before HERRMANN, C. J., and DUFFY and QUILLEN, JJ.

QUILLEN, Justice:

There is one question presented by this appeal: Was it an abuse of discretion for the Trial Court to grant the plaintiff's motion for a new trial? We find, however, that the implications of the question are worthy of some exploration.

The facts are simple. The plaintiff had just left work and was proceeding east on Loockerman Street in Dover, intending to turn left at Bayard. She stopped at the intersection to permit the oncoming westbound traffic to pass. Her car was struck in the rear by the defendant's car. Liability was disputed.

Plaintiff testified she had turned her left turn signal on "probably fifty feet" prior to stopping and it remained on for the "minute" she was stopped prior to the accident.

Defendant estimated that he was traveling approximately twenty-five or thirty miles per hour, that he took his eyes off the plaintiff's car for a "few seconds" to look at his speedometer or mirror, that he looked up to see plaintiff's car stopped, and that he skidded into the plaintiff's car after applying his brakes. It seemed to him that plaintiff stopped "rather abruptly" and he "did not see any turn signal" although he did see "the brake lights when [he] looked up after looking away."

The Trial Court charged the jury on contributory negligence and proximate cause, including specifically a charge on 21 *Del.C.* § 4155(b) as in effect at the time of the accident. The statute then required that a signal of intention to turn "shall be given continuously during not less than the last [hundred] feet traveled by the vehicle before turning." The plaintiff, who had not moved for a directed verdict on any issue of liability, did not except to the charge. The case was tried as one of factual dispute.

Following a general verdict for the defendant, the plaintiff moved for a new trial "on the grounds that the verdict [was] against the weight of the evidence." The Trial Judge ordered a new trial with the following one-sentence opinion:

"After reviewing the evidence in this case pertaining to the liability of the defendant, the Court is of the opinion that the verdict should be set aside and a new trial ordered to prevent a manifestation of injustice."

The case brings to this Court a rather basic question, the standard of review by a trial court in a jury case on a motion for new trial based on the insufficiency of the evidence. While Delaware has its own particular legal development and it is upon our own State law that we must focus, it is useful to note that American law presents an interesting spectrum on the question at issue. As a leading treatise on federal procedure says:

"The power of a federal judge to grant a new trial on the ground that the verdict was against the weight of the evidence is clear. The standard that is to control in passing on motions of this kind is not."

11 Wright & Miller, *Federal Practice and Procedure*: Civil, § 2806, p. 42. Perhaps the differences in the standard to be applied are more differences in semantics and factors emphasized than result but a sampling of the federal authorities frequently cited is helpful to illustrate generally judicial efforts to define a standard and the factors considered. See generally 11 Wright & Miller, *supra*, § 2806; 6A *Moore's Federal Practice*, ¶ 59.08[5]; *Lind v. Schenley Industries, Inc.*, 3d Cir., 278 F.2d 79 (1960), cert. denied, 364 U.S. 835, 81 S.Ct. 58, 5 L.Ed.2d 60 (1960). In particular, a wider review gives fuller appreciation of our own law and assists in the defining of a standard.

Some courts appear to take a broad sweep of the discretionary power of a trial judge and have suggested verdicts may be set aside upon "consideration of what is

just" [*Murphy v. U.S. District Court*, 9th Cir., 145 F.2d 1018, 1020 (1944) (discussing alleged excessive damages)] or "if he thinks the jury was mistaken or that the verdict is wrong" [*Grayson v. Deal*, D.Ct., N.D., Ala., S.D., 85 F.Supp. 431, 435 (1949) (emphasizing the "entirely different function" of the motion as compared to a motion for a directed verdict)].

Some cases, while emphasizing the difference in function and standard between the motion for a directed verdict and the motion for a new trial on the ground that the verdict is against the weight of the evidence, tend to temper somewhat the breadth of discretion given a trial court on the latter motion. The power of the court is said to be "much broader" on the motion for a new trial because the court "may weigh the evidence." But "[m]anifestly this authority should be exercised sparingly and cautiously," and "[i]t should be invoked only in cases in which the evidence preponderates heavily against the verdict." *Miller v. Pennsylvania Railroad Co.*, D.Ct., D.C., 161 F.Supp. 633, 640–641 (1958), an opinion of Judge Holtzoff. Noting a "clear" distinction between the two motions, the Fourth Circuit has said a verdict supported by substantial evidence may be set aside where "[it] is contrary to the clear weight of the evidence." *Garrison v. United States*, 4th Cir., 62 F.2d 41, 42 (1932). These two cases were emphasized by then Judge (now President Judge) Stiftel in *McCloskey v. McKelvey*, Del.Super., 174 A.2d 691, 693–694 (1961). See also *Aetna Casualty & Surety Co. v. Yeatts*, 4th Cir., 122 F.2d 350 (1941), a case frequently cited for the distinct evidentiary role of the motion for a new trial and a case which traces the motion to a time before the American Revolution.[1]

Other cases cited in the general authorities use slightly stronger language "in describing how seriously erroneous the verdict must be before it may be set aside." 11 Wright & Miller, *supra*, § 2806, p. 47. The verdict must be "so manifestly and palpably against the evidence . . . as to compel the conclusion that [it] is contrary to right and justice [*American Cooler Co., Inc. v. Fay & Scott*, D.Ct., Me., N.D., 20 F.Supp. 782, 783 (1937)] and the motion should be granted only in "extreme cases" [*Lyophile-Cryochem Corp. v. Cutler Laboratories, Inc.*, D.Ct., N.D., Cal., S.D., 78 F.Supp. 903 (1948), aff'd in part and rev'd in part, 9th Cir., 179 F.2d 80 (1949)]. See also *McCloskey v. McKelvey*, *supra*, at 174 A.2d 693. The Fifth Circuit noted the variation in standard and attempted some reconciliation directed toward restraint by the trial judge in *Cities Service Oil Company v. Launey*, 5th Cir., 403 F.2d 537, 540 (1968):

> "Although the cases are not consistent in usage, some cases using the phrase 'clear weight' and others using the phrase 'overwhelming weight' or 'overwhelming evidence,' it seems clear that the jury's verdict must at least be against the *great* weight of the evidence before a new trial may be granted."

Still other cases, with the Third Circuit *Lind* case authored by Chief Judge Biggs as a leading authority, emphasize the danger of the trial judge usurping "the prime function of the jury as the trier of the facts" and suggest it is error to grant a new trial only on the basis of the weight of the evidence where the subject matter of the litigation "is simple and easily comprehended by any intelligent layman." *Lind v. Schenley Industries, Inc., supra*, at 278 F.2d 91. See also *Berner v. British Common-*

---

1. It is interesting to note the complete language of the Seventh Amendment to the United States Constitution:

   "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

The *Yeatts* case relied heavily on *Smith v. Times Pub. Co.*, 178 Pa. 481, 36 A. 296 (1897), which includes an extensive historical review of the right of jury trial in relation to the power of an appellate court to set aside a verdict as excessive. In general, the two cases stand for the proposition that the right to trial by jury means a jury operating with assistance of a trial judge as at common law.

*wealth Pacific Airlines, Ltd.,* 2d Cir., 346 F.2d 532, 536 (1965), cert. denied, 382 U.S. 983, 86 S.Ct. 559, 15 L.Ed.2d 472 (1966); *Duncan v. Duncan,* 6th Cir., 377 F.2d 49, 52–55 (1967), cert. denied, 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 260 (1967); *Fireman's Fund Ins. Co. v. Aalco Wrecking Co.,* 8th Cir., 466 F.2d 179, 185–188 (1972), cert. denied, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973) (citing the Fifth Circuit case of *Cities Service Oil Co. v. Launey, supra,* with approval).

Finally, there are cases which essentially equate the standard for a directed verdict and the standard for a new trial on the weight of the evidence. *Chapman v. Brown,* D.Ct., Haw., 198 F.Supp. 78, 82 (1961), aff'd, 9th Cir., 304 F.2d 149 (1962); *Haft v. Northern Pacific Railway Company,* 64 Wash.2d 957, 395 P.2d 482, 484 (1964). For a criticism of the Washington case law, see Trautman, Motions Testing the Sufficiency of Evidence, 42 Wash.L.Rev. 787 (1967). The Third Circuit following the *Lind* case has narrowed considerably the distance between the two standards, at least in simple factual situations. See *Hourston v. Harvlan,* 3d Cir., 457 F.2d 1105, 1107 (1972) (opinion by Chief Judge Seitz) (the court on a motion for new trial is "required to decide whether sufficient evidence existed on the record which, if accepted by the jury, could sustain the verdict").

There are some definite lines, however, that can be quickly drawn. It appears to be generally accepted, notwithstanding some case language suggesting unlimited discretion, that "[i]t is not a sufficient ground for a new trial that the verdict is merely against the preponderance of the testimony, or that the Court may have arrived at a different result." *McCloskey v. McKelvey, supra,* at 174 A.2d 693. Our law has also recognized that "a motion for judgment notwithstanding the verdict and a motion for a new trial serve entirely different purposes." *Peters v. Gelb,* Del.Supr., 314 A.2d

901, 904 (1973). And, of course, in this context a motion for judgment n. o. v. is equated with a motion for a directed verdict. As to the motion for a new trial at the "post-trial stage," this Court has specifically recognized the power of a trial court to "weigh the evidence" and "pass on its credibility." *Millman v. Millman,* Del.Supr., 359 A.2d 158, 160 (1976) (relying on the Fourth Circuit case of *Garrison v. United States, supra,* and distinguishing expressly the directed verdict situation where on defendant's motion the court views the "plaintiff's case" without weighing the evidence). See also *McCloskey v. McKelvey, supra,* at 174 A.2d 693. It thus seems clear that Delaware does not permit unlimited discretion by the trial judge on the "weight of the evidence" motion for new trial, nor does it deny the special and distinct role of the motion. But the standard to be applied is more elusive.

The Superior Court Rule merely provides that a new trial may be granted for "any of the reasons for which new trials have heretofore been granted in the Superior Court." Superior Court Civil Rule 59(a). We are thus specifically directed to our own history.

Judge Stiftel in the *McCloskey* case, *supra,* referred to some prior Delaware authority. *Gatta v. Philadelphia, B. & W. R. Co.,* Del.Super., 83 A. 788 (1911); *Woolley on Del. Practice* (1906), § 733. The *Gatta* case, citing the same section from Judge Woolley's treatise[2] in denying a motion for a new trial, did recognize as a ground for a grant of a new trial the "rendering of a verdict contrary to the law and the evidence." *Gatta v. Philadelphia, B. & W. R. Co., supra,* at 83 A. 793. But if one looks to the particular section in Woolley which deals with a verdict against the evidence and examines the cases cited therein, one is struck by the fact that none of them are "weight of the evidence" cases. Woolley, *supra,* § 735, p. 514, and cases cited therein at footnotes 3 and 4. Each of the cited

---

2. Judge Victor B. Woolley was appointed an Associate Judge in 1909 after the publication of his treatise in 1906.

cases concern matters on which a trial court under modern practice would comfortably rule as a matter of law without the necessity for a new trial or legal matters related to the technicalities of common law pleading.[3]

Moreover, Judge Woolley recognized by his citation of other cases that a jury verdict upon an issue of fact is in general irreversible and conclusive [citing *Fitzgibbon's Adm. v. Kinney*, Del.Super., 3 Harr. 72, 73 (1840)] and will not be set aside if founded on conflicting evidence though the Court would have drawn a conclusion different from that of the jury [citing *Burton v. P. W. & B. R. R. Co.*, Del.Super., 4 Harr. 252, 254 (1845) (Court noting that "they did not approve of the verdict")].

Perhaps the most significant case prior to the adoption of the new Superior Court Rules in 1948 is the appeal of the *Gatta* case. *Philadelphia, B. & W. R. Co. v. Gatta*, Del.Supr., 85 A. 721, 729–730 (1913). In response to a claim by the defendant-appellant that its evidence was "of a weight so much greater and a quality so superior to that produced for the plaintiff," the Supreme Court, in an affirming opinion by Judge Woolley, said:

"In that branch of the administration of justice in which the courts are called upon to perform the delicate function of directing, sustaining and disturbing the verdicts of juries, without encroaching upon their separate function, courts have adopted for their governance, so far as practicable, certain will considered principles. In the policy of the law of this state, declared by the courts in numberless decisions, the jury is the sole judge of the facts of a case, and so jealous is the law of this policy that by express provision of the Constitution the court is forbidden to touch upon the facts of the case in its charge to the jury. While in jury trials the court may not determine issues of fact from the evidence, the court may, for certain purposes, determine the existence of evidence from which issues of fact may be determined by the jury. By inquiry into the evidence the court will not allow a verdict when the evidence is not sufficient in law to support it, nor will the court sustain a verdict when rendered against the evidence or upon insufficient evidence.

.     .     .     .     .

"But when the case involves a controverted question of fact in which the evidence is conflicting and out of the conflict may be gathered sufficient evidence to support a verdict for either party, the issue of fact will be left severely to the jury, and the court will neither direct nor disturb the verdict upon the ground that it is against the evidence, though it would have drawn from the testimony a conclusion different from that drawn by the jury.  .   .   .   The absence or presence of conflicting testimony in a case is therefore a controlling consideration by which courts are governed in directing, sustaining, or overturning the verdicts of juries.

"It is contended, however, that as the jury is instructed to find fo_ the party with whom, in the maintenance of the issues, rests the preponderance of evidence, it is likewise the duty of the court, when that preponderance is disclosed at the trial, either to direct a verdict in

3.  *Prettyman v. Waples' Ex.*, Super.Ct., 4 Harr. 299, 302 (1845) (clear error in calculation, "no conflict in testimony"); *State v. Layton*, Super. Ct., 3 Harr. 469, 480–481 (1842) (interest calculation, "no controverted fact"), rev'd on other grounds, *Layton v. The State*, Ct.Err. & App., 4 Harr. 8 (1843); *Beeson v. Elliott*, Del.Ch., 1 Del.Ch. 368 (1831), aff'd, High Ct. Err. & App., 1 Harr. 394a (1831) (judgment affirmed if jurisdiction assumed); *Allen v. Miles*, Super.Ct., 4 Harr. 234, 237 (1845) (judgment affirmed on matters of law although Court noted a verdict should be set aside for "evident mistake in matter of fact"); *Bailey v. England*, Gen.Sess., 1 Penn. 12, 39 A. 455 (1897) (mistake in award must be "clear   .   .   .   so manifest that it shocks common sense and judgment of the court"—award for plaintiff upheld—case closest of those cited to "weight of evidence" issue); *Kinney v. Adams*, Super.Ct., 2 Harr. 357 (1838) (legal irregularities); *Taylor v. Moore*, Super.Ct., 3 Harr. 6, 7 (1839) ("variance is fatal") (*Shea v. Kerr*, Super.Ct., 1 Penn. 530, 43 A. 843 (1899) (plaintiff cannot recover on contract not claimed in the declaration).

accordance with it, or after trial, to set the verdict aside, if the verdict be found against it. This in the last analysis would make the court the judge of the facts, and if the judgment of the jury upon the issue of fact were to be anticipated or reviewed by the judgment of the court upon the facts, then the function of the jury in determining issues of fact would cease to be exclusive and would become merely preliminary.

"It is the province of the jury in the trial of civil cases to consider the whole volume of testimony, estimate and weigh its value, accept, reject, reconcile and adjust its conflicting parts and be controlled in the result by that part of the testimony which it finds to be of greater weight. As the jury is the exclusive judge of the evidence, it must in reason be the exclusive judge of what constitutes the preponderance of the evidence, and when that judgment is reached upon evidence sufficient to support a verdict, it should not be disturbed by the court."

It is interesting to note that President Judge Richards, in a case governed by the new Rules, relied on the Supreme Court opinion in the appeal of the *Gatta* case in *Haas v. Jones*, Del.Super., 93 A.2d 915, 916 (1953):

"Where the evidence is conflicting but sufficient evidence may be gathered therefrom to support a verdict for either party, the issue of fact will be left to the jury. Under such circumstances, the Court will neither direct a verdict for

either party nor disturb the verdict of the jury upon the ground that it is against the evidence."

See also *Townsend v. Poynter*, Del.Supr., 130 A. 267 (1925).

While it is true that none of these cases explored the historic common law power of a trial judge in a jury case, it is equally true that they all clearly suggest that the verdict of the jury as to questions of fact properly submitted to it is conclusive. Indeed, the language in the *Gatta* appeal relied on in the *Haas* case, appears to equate the standard for the motion for a directed verdict and a "weight of the evidence" motion for a new trial. It should be remembered that prior to the adoption of the new rules in 1948, Delaware had no motion for judgment n. o. v. in its modern evidentiary sense so the motion for new trial was the only post verdict motion available to challenge the sufficiency of the evidence. See Herrmann, The New Rules of Procedure in Delaware, 18 F.R.D. 327, 340–341; compare Woolley, *supra*, § 760. Regardless of the reason, one cannot help but be struck by the deference of these cases to the constitutional role of the jury.[4]

While the *McCloskey* case appears to depart somewhat from this tradition, it is important to focus on what Judge Stiftel actually did in holding the verdict "was against the weight of the evidence *in relation to the law.*" *McCloskey v. McKelvey, supra,* at 174 A.2d 696 (emphasis added). In a case where the plaintiffs had failed to move for a directed verdict "for tactical

---

4. The original 1776 Delaware Constitution incorporated the thirteenth section of the Declaration of Rights and Fundamental Rules (1776): "That trial by jury of facts where they arise is one of the greatest securities of the lives, liberties and estates of the people." Each of our successive Constitutions have preserved the right of jury trial "as heretofore." *Delaware Constitution* (1792), Art. I, Sec. 4; *Delaware Constitution* (1831), Art. 1, Sec. 4; *Delaware Constitution* (1897), Art. I, § 4.

The constitutional provision noted by Judge Woolley in the *Gatta* appeal was first added in the 1897 Constitution as Art. IV, § 22 and now appears as Art. IV, § 19: "Judges shall not charge juries with respect to matters of fact, but may state the questions of fact in issue and

declare the law." As to this provision, we have some clear indication of purpose in the contemporary comment of William C. Spruance:

"[t]he object of it is, that Judges shall confine themselves to their business, which is to adjudge the law and leave juries to determine the facts.

"I have known cases where Judges have made up their minds what the verdict ought to be and have stated what had been proved and what had not been proved, which was not in their province, but ought to have been left to the province of the jury to determine."

II *Debates and Proceedings of the Constitutional Convention of the State of Delaware*, p. 1730. Mr. Spruance was appointed an Associate Judge in 1897.

reasons," he set aside a verdict against a passenger-plaintiff while upholding a verdict against the driver-plaintiff where he found the driver's contributory negligence had been properly submitted to the jury. He noted that there had been no allegation that the passenger was contributorily negligent and reviewed the evidence carefully at length, commenting in part on the demeanor of the witnesses. Given the potential confusion as to the law, particularly the potential jury misunderstanding as to contributory negligence, the strong evidence as to the negligence of the defendant, and the unique perspective of the trial judge carefully documented, the case is extremely restricted as authority for setting aside verdicts on weight of the evidence grounds.

Even if it is proper to view the *McCloskey* case solely in "weight of the evidence" terms, stripped to the bone, the case would appear to stand only for the proposition that a trial judge can set aside a verdict if, after reviewing the entire evidence, including credibility and demeanor, he finds that the jury verdict exceeds the bounds of reason. Unlike the directed verdict situation, he is not forced to look solely to the evidence favoring the non-moving party. See also *Millman v. Millman, supra.*

In *Luskin v. Stampone*, Del.Supr., 386 A.2d 1137, 1139 (1978), this Court concluded that "the jury's verdict [was] manifestly and palpably against the weight of the evidence," citing *McCloskey*. But a reading of the full opinion shows the Court was convinced that the record in the case demonstrated that it was very likely the jury did not understand the law under the instructions given. In particular, this Court concluded that the defendant was negligent as a matter of law, the issue of proximate cause in relation to the alleged contributory negligence required careful instruction and certain questions of contributory negligence needed to be focused upon with some particularity. The Court not only directed a new trial but specifically ordered that therein the "defendant's negligence [would] be established as a matter of law and issues of contributory and proximate causation submitted to the jury under appropriate instructions." The case expressly involved legal error and not merely "weight of the evidence" consideration.

Thus, while the discretionary power to grant a new trial has a common law history, including a late, but pre–1776, history of new trials being granted on the merits [6A *Moore's Federal Practice,* ¶ 59.05[1]; 3 Blackstone, *Commentaries,* pp. 387–388],[5] the power appears historically to have been treated in this State with great caution and with extremely careful regard for the role of the jury. As the Supreme Court in 1923 clearly noted, a motion "will not usually be granted because the testimony is conflicting, even if the preponderance be in favor of the party applying for a new trial." *Bringhurst v. Harkins,* Del.Supr., 122 A. 783, 786 (1923).[6]

There can, of course, be no clear-cut litmus test in the exercise of the discretionary power to grant a motion for a new trial on the ground that the jury verdict is against the weight of the evidence. It is nonetheless helpful to have some broad standard

---

**5.** The comments of Blackstone remain amazingly fresh, including, phrases such as the judge's being "reasonably dissatisfied" with the verdict, "exorbitant damages," "a third trial is seldom awarded," "notoriously contrary to evidence," the need for "sufficient reason appearing upon the record" when a new trial is granted.

**6.** It is interesting to compare the cases dealing with size of the verdict. A verdict in theory can be excessive or inadequate as a matter of law or as a matter of the weight of the evidence. 11 Wright & Miller, *supra,* § 2807. But our Courts have developed independent tests to pay great deference to the role of the jury. The award must be "so grossly out of proportion . . . as to shock the Court's conscience and sense of justice." *Mills v. Telenczak,* Del. Supr., 345 A.2d 424, 426 (1975). See also *Storey v. Castner,* Del.Supr., 314 A.2d 187, 193 (1973); *Riegel v. Aastad,* Del.Supr., 272 A.2d 715, 717–718 (1970); *DiGioia v. Schetrompf,* Del.Super., 251 A.2d 569, 570–571 (1969); *Burns v. Delaware Coca-Cola Bottling Company,* Del.Super., 224 A.2d 255, 258 (1966). When there is any margin for a reasonable difference of opinion in the matter, the Court should yield to the verdict of the jury. *Lacey v. Beck,* Del.Super., 161 A.2d 579 (1960).

for general application. That standard should bear the clear imprint of the traditional law of this State as enunciated in the *Gatta* appeal. Barring some unusual factor in the case, perhaps the shortest guideline which gives implicit consideration to the key factors—the separate function of the motion, the role of the jury, the unique viewpoint of the Trial Judge—is found in a strong line of opinions in the Fifth Circuit. The Trial Court should not grant such a new trial motion unless the jury verdict is "at least . . . against the *great* weight of the evidence." *Cities Service Oil Co. v. Launey, supra,* at 403 F.2d 540; *Bobsee Corporation v. United States*, 5th Cir., 411 F.2d 231, 240 (1969); *Price v. Mosler*, 5th Cir., 483 F.2d 275, 278 (1963); *Spurlin v. General Motors Corp.*, 5th Cir., 528 F.2d 612, 620 (1976), rehearing denied and rehearing en banc denied, 531 F.2d 279 (1976); *Williams v. Hoyt*, 5th Cir., 556 F.2d 1336, 1340 (1977), rehearing en banc denied, 562 F.2d 1258 (1977), cert. denied, 435 U.S. 946, 98 S.Ct. 1530, 55 L.Ed.2d 544 (1978), rehearing denied, 436 U.S. 915, 98 S.Ct. 2258, 56 L.Ed.2d 416 (1978).[7] In particular, this minimum standard gives recognition to the exclusive province of the jury as established by Delaware's particular legal history and the line of federal cases starting with the *Lind* case, *supra*. It does preserve, however, the separate common law function of the post trial motion for new trial where all the evidence can be reviewed from the unique viewpoint of the trial judge.

■ Thus, on weight of the evidence motions, we hold that a trial judge is only permitted to set aside a jury verdict when in his judgment it is at least against the great weight of the evidence. In other words, barring exceptional circumstances, a trial judge should not set aside a jury verdict on such ground unless, on a review of all the evidence, the evidence preponderates so heavily against the jury verdict that a reasonable jury could not have reached the result. *Philadelphia, B. & W. R. Co. v. Gatta, supra; Hourston v. Harvlan, supra; Cities Service Oil Co. v. Launey, supra.*

■ We turn now to the role of this Court on appeal. Generally, in an appeal from either the grant or denial of a new trial, the sole question is whether the decision constituted an abuse of discretion. *Chavin v. Cope*, Del.Supr., 243 A.2d 694, 695 (1968); *Trowell v. Diamond Supply Co.*, Del. Supr., 91 A.2d 797, 801–802 (1952).

■ When the motion for a new trial solely on weight of the evidence grounds is denied in a jury case, this Court on appeal is bound by the jury verdict if it is supported by evidence. *Delaware Constitution*, Art. IV, § 11 ["on appeal [in civil cases] from a verdict of a jury, the findings of the jury, if supported by evidence, shall be conclusive"]; *Haveg Corporation v. Guyer*, Del.Supr., 226 A.2d 231, 233 (1967); *Malcolm v. Little*, Del.Supr., 295 A.2d 711, 712 (1972); *Sussex Poultry Co., Inc. v. American Insurance Co.*, Del.Supr., 301 A.2d 281, 282 (1973).[8] See also *Delaware City, S. & P. S. N. Co. v. Reybold*, Ct.Err. & App., 14 A. 847 (1888), appeal dismissed, 142 U.S. 636, 12 S.Ct. 290, 35 L.Ed. 1141 (1892).

■ When the motion is granted on weight of evidence grounds, even given the restrictive standard herein adopted for the trial court and the appellate scrutiny that may be exercised to assure the preservation of the role of the jury, the trial judge's "discretionary power is still given the defer-

---

7. We note, however, that the Fifth Circuit itself does not uniformly use the "great weight" standard, preferring in several cases to permit the setting aside of the verdict if it is contrary to the "clear weight" of the evidence. See *United States ex rel. Weyerhaeuser Co. v. Bucon Construction*, 5th Cir., 430 F.2d 420, 423 (1970); *National Car Rental System, Inc. v. Better Monkey Grip Company*, 5th Cir., 511 F.2d 724, 730 (1975), cert. denied, 423 U.S. 894, 96 S.Ct. 193, 46 L.Ed.2d 126 (1975); *Dupuy v. Dupuy,* 5th Cir., 551 F.2d 1005, 1024 (1977), rehearing en banc denied, 554 F.2d 1065 (1977), cert. denied, 434 U.S. 911, 98 S.Ct. 312, 54 L.Ed.2d 197 (1977).

8. This Constitutional language was added in 1960 when the appeal provision replaced the writ of error. 52 *Del.Laws*, Ch. 240. Its inclusion reemphasizes the prime role of the jury as a continuing concept in Delaware Constitutional Law.

**466**

ence required by his presence at trial and his duty to see that there is no miscarriage of justice." *Love v. Sessions*, 5th Cir., 568 F.2d 357, 361 (1978).[9]

In this jurisdiction the duty to exercise discretion by a trial judge generally includes the duty to make a record to show what factors the trial judge considered and the reasons for his decision. *Wife F. v. Husband F.*, Del.Supr., 358 A.2d 714, 716 (1976); *General Motors Corporation v. Cox*, Del.Supr., 304 A.2d 55, 57–58 (1973); *Ademski v. Ruth*, Del.Supr., 229 A.2d 837, 838 (1967); *Walsh v. Hotel Corporation of America*, Del.Supr., 231 A.2d 458, 460 (1967). The obvious purpose for the rule is particularly pronounced when a motion for a new trial in a jury case is granted and even more particularly so when the issue involves the prime role of the fact finder, the sufficiency of the evidence.

In this instance, the only comment by the Trial Judge was that a new trial was ordered "to prevent a manifestation of in-justice." While the comment may be consistent with his unique role, no error was cited by the Trial Judge and counsel for the appellee has been unable to point to any specific factor causing error. Counsel and this Court have assumed, given the motion and the Trial Judge's passing reference to a review of the evidence, that he granted the motion for a new trial on "weight of the evidence" grounds.

It is clear that the Trial Judge abused his discretion, at least to the extent of not supplying reasons for the granting of the motion for a new trial. The lack of reasons makes it extremely difficult to give deference to the discretionary power of the Trial Judge required by his presence at trial. In addition, the bare comment in the letter opinion below demonstrates the Trial Judge felt he had boundless liberty in acting on the motion and thus he applied an erroneous legal standard. The evidence in the case was simple. The subject matter was within the normal comprehension of a jury. Counsel for the appellee has been

9. Compare: (1) 6A Moore, *supra*, ¶ 59.08[5], pp. 59–162, 59–163:

"But assuming that the court has the power to consider the motion and does exercise its discretion its error in granting or denying the motion, if any, is usually one of fact and non-reviewable. Under unusual or special circumstances the trial court's action may constitute an abuse of discretion and be reviewable; but rarely can this be shown." (2) Wright & Miller, *supra*, § 2819, pp. 120–127: Distinguishes the appellate review in Federal system of a denial of a motion for a new trial based on the weight of the evidence ("doubtful constitutionality" and "utility . . . dubious") and appellate review of a grant of such a motion ("no Seventh Amendment problem" but "[e]ven, here . . . the appellate court must defer to the better opportunity the trial judge has to appraise the situation"). Compare also for purposes of historical development: *Portman v. American Home Products Corp.*, 2d Cir., 201 F.2d 847, 848 (1953), an opinion by Judge Learned Hand (decisions of trial judge "granting or denying motions" are "not reviewable") and *Taylor v. Washington Terminal Co.*, 133 U.S.App.D.C. 110, 112, 409 F.2d 145, 147 (1969), cert. denied, 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed. 85 (1969), an opinion by Judge J. Skelly Wright ("now standard doctrine that such orders may be reviewed for abuse of discretion"). Historically, the only redress was to the trial court and not by writ of error. *U. S. v. Laub*, 37 U.S. (12 Pet.) 1, 5, 9 L.Ed. 977 (1838). "But it was the practice at common law . . . for the trial to be conducted by a single judge at nisi prius and for motions for a new trial to be heard by the Court sitting en banc at Westminster . . . An exhaustive examination of the early English cases has led one writer to conclude that there is not a single case in which an English court at common law ever granted a new trial on this ground unless the judge who sat with the jury stated in open court or certified that the verdict was against the evidence and that he was dissatisfied with the verdict [citing Weisbrod, Limitations on Trial by Jury in Illinois, 1940, 19 Chi.Kent L.Rev. 91, 92]. Assuming the accuracy of the historical conclusion, the common law system was one in which the verdict could be set aside only if the judge who had presided at the trial and heard the witnesses deemed the verdict to be unjustified and, even then, only if he could persuade his brethren at Westminster to this view. To allow appellate review of the denial of the new trial motion would mean that the verdict could be set aside solely by judges who were not present at the trial even though the trial judge has found that the verdict is not against the clear weight of the evidence. This would be a complete reversal of common law practice and is very difficult to reconcile with the Seventh Amendment." 11 Wright & Miller, *supra*, § 2819, pp. 124–125.

unable to direct our attention to any specific error. From all appearances, it is simply a case where the Trial Judge drew a conclusion different from the jury on a disputed question of fact.

While we are mindful that a reversal requires a conclusion that the Trial Judge's decision "was clearly unreasonable or capricious" [*Chavin v. Cope, supra,* 243 A.2d at 697], we have no proper alternative but to so conclude.[10]

The Order granting a new trial is reversed and the cause is remanded with instructions to enter judgment for the defendant based on the verdict of the jury.

**10.** The Delaware law supporting the extremely limited role of appellate review under the abuse of discretion standard is further illustrated by the following language from appeals in jury cases giving the test for appellate interference: *Szewczyk v. Doubet,* Del.Supr., 354 A.2d 426, 430 (1976) ("clearly based on unreasonable or capricious grounds"); *Bennett v. Andree,* Del. Supr., 252 A.2d 100, 103 (1969) ("capricious, arbitrary or clearly wrong"); *Larrimor v. Homeopathic Hospital Association,* Del.Supr., 181 A.2d 573, 578 (1962) and *Lawrence v. Staite,* Del.Supr., 253 A.2d 506, 508 (1969) ("clearly untenable, or clearly unreasonable"); *Wilmington Medical Center, Inc. v. Redden,* Del.Supr., 312 A.2d 625, 626 (1973) ("clearly unreason- able"); *Peters v. Gelb, supra,* at 314 A.2d 903 ("'exceeded the bounds of reason in view of the circumstances'"). See also the following appeals from non-jury cases: *F. H. Simonton, Inc. v. Conestoga Chemical Corp.,* Del.Supr., 247 A.2d 214 (1968); *Tyndall v. Tyndall,* Del. Supr., 214 A.2d 124 (1965); *Daniel D. Rappa, Inc. v. Hanson,* Del.Supr., 209 A.2d 163 (1965). The Delaware cases tend to apply a similar strict standard for discretionary motion for new trial rulings not based on "weight of the evidence" grounds. *5.97752 Acres of Land in New Castle County v. State,* Del.Supr., 202 A.2d 924 (1964); *Pitts v. White,* Del.Supr., 109 A.2d 786 (1954).