**Mack CANNON, Plaintiff Below, Appellant,**

v.

**Roman MILLER, Defendant Below, Appellee.**

Supreme Court of Delaware.

Submitted Jan. 14, 1980.

Remanded Feb. 28, 1980.

Decided April 24, 1980.

Robert Thurston Barrett, Dover, for plaintiff-appellant.

James T. Vaughn of Vaughn & Vaughn, Dover, for defendant-appellee.

Before HERRMANN, C. J., DUFFY and QUILLEN, JJ.

PER CURIAM:

The Court adopts the factual statement set forth in the plaintiff's opening brief which the defendant previously adopted in his answering brief.

Defendant was an owner, trainer and driver of harness horses. Plaintiff was an owner and groom. Plaintiff filed a three count complaint, Count I being a claim that plaintiff was entitled to minimum wages for work done for defendant from July 22, 1975 through October, 1976, Count II being a claim for paddock pay of $10.00 per paddock and Count III being a claim for repayment of loans. Defendant thereafter filed a counterclaim for training and caring for various horses of plaintiff.

There were a number of pretrial memoranda of law filed by the parties hereto dealing with the issue of the applicability of federal and state minimum wage laws to the relationship between the parties hereto. In particular, the memoranda dealt with the following questions: whether plaintiff was an employee even in the absence of a formal wage agreement; whether, if plaintiff was an employee, the defendant-employer was responsible for liquidated damages and plaintiff's attorneys fees in the absence of compliance and payment of minimum wages; and the applicability of federal and state statutes of limitation.

There was a one-day trial. Both parties submitted written closing arguments. The Trial Judge rendered a two-paragraph opinion and order as follows:

"After consideration of the evidence presented in the above matter I find that the plaintiff has failed to prove his claim by a preponderance of the evidence and that the defendant has failed to prove his counterclaim by a preponderance of the evidence.

"Judgment for the defendant on the plaintiff's claim; judgment for the plaintiff on the counterclaim. Costs assessed against the plaintiff.

"IT IS SO ORDERED."

The opinion of the Trial Judge is entirely inadequate. The comments of this Court in *Husband M v. Wife D*, Del.Supr., 399 A.2d 847, 848 (1979) are equally applicable here.

"It is apparent that the . . . Court gave no reasons for its decision contrary

to the established law of this State. *Wife F. v. Husband F.*, Del.Supr., 358 A.2d 714, 716 (1976); *General Motors Corporation v. Cox*, Del.Supr., 304 A.2d 55, 57–58 (1973); *Ademski v. Ruth*, Del.Supr., 229 A.2d 837, 838 (1967); *Walsh v. Hotel Corporation of America*, Del.Supr., 231 A.2d 458, 460 (1967). It is an abuse of discretion not to supply reasons for a judicial decision. *Storey v. Camper*, Del.Supr. [401 A.2d 458] (1979).

.     .     .     .     .

"We are mindful of the tremendous time burdens on our trial courts. But it is part of a trial judge's adjudicative responsibilities 'to state the reasons for his action, no matter how briefly.' *Ademski v. Ruth, supra.* There is no problem in most appeals. Indeed, most trial judges are diligent in meeting their responsibility. All should be."

See also *Husband B.W.D. v. Wife B.A.D.*, Del.Supr., 405 A.2d 123, 125 (1979).

A judge of our State must understand that the legal requirement of supplying reasons is a matter of judicial ethics as well as a matter of law. In *Walsh v. Hotel Corporation of America*, Del.Supr., 231 A.2d 458, 460 (1967), this Court specifically noted the then governing Canon of Judicial Ethics No. 19. That Canon read in pertinent part:

"In disposing of controverted cases, a judge should indicate the reasons for his action in an opinion showing that he has not disregarded or overlooked serious arguments of counsel. He thus shows his full understanding of the case, avoids the suspicion of arbitrary conclusion, promotes confidence in his intellectual integrity and may contribute useful precedent to the growth of the law."

While the current canons contained in The Delaware Judges' Code of Judicial Conduct purposely adopt the broader and more general approach now recommended by the American Bar Association, this Court made it specifically clear that "it is part of a trial judge's adjudicative responsibilities 'to state the reasons for his action, no matter how briefly.' " *Ademski v. Ruth, supra.* Canon 3 requires that a judge be "faithful to the law and maintain professional competence". The supplying of reasons for a judicial decision is part of "established law of this State" and also a required incident of the "[maintenance of] professional competence".

Again we note that we are reluctant to belabor the point when "most trial judges are diligent in meeting their responsibility." *Husband M v. Wife D, supra.* But we cannot be silent in instances of recurring "one liner", conclusionary decisions by a judge which fly in the face of recurring admonitions. In light of repeated difficulty, we remand *this* case with directions that the Trial Judge "shall find the facts specially and state separately [his] conclusions of law". See Rule 52(a), Federal Rules of Civil Procedure.*

The case is remanded for proceedings in accordance with this opinion. The findings of fact and conclusions of law shall be filed with the Prothonotary within 30 days of the date of this opinion and, upon such filing, the Prothonotary shall recertify the record to the Clerk of this Court. Jurisdiction is reserved.

*Decision after Remand*

The Trial Judge, through his findings of fact upon remand, clearly rejected the compensation claim asserted in Count I and at least by necessary implication rejected the claim for paddock pay set forth in Count II. While the parties to the appeal continue to note the lack of express treatment given the loan claim set forth in Count III, it would also appear an obvious implication that Count III was rejected as well by the finding that "neither party conferred upon the other a greater benefit than he received." Since the evidence was conflicting on all matters, the judgment of the Superior Court is affirmed.

---

* Such a direction is not customary or a usual requirement of Delaware law. See *Husband M v. Wife D, supra*; *Ademski v. Ruth, supra.*