**B.E.T., INC., Petitioner-Below, Appellant,**

v.

**BOARD OF ADJUSTMENT OF SUSSEX COUNTY, Respondent-Below, Appellee.**

Supreme Court of Delaware.

Submitted: Dec. 4, 1984.

Decided: Feb. 6, 1985.

Melvyn I. Monzack and Francis A. Monaco, Jr., Walsh and Monzack, P.A., Wilmington, for appellant.

James A. Fuqua, Jr., Asst. Co. Atty., Fuqua and Graves, Georgetown, for appellee.

Before HERRMANN, C.J., and HORSEY and CHRISTIE, JJ.

PER CURIAM:

In this zoning case, there was an appeal to the Superior Court by the landowner, B.E.T., Inc., from a decision of the Sussex County Board of Adjustment refusing to grant a variance. After a hearing, the Superior Court rendered its decision by the following letter opinion:

In this appeal from a decision of the Sussex County Board of Adjustment, I have reviewed the arguments of counsel and the transcript of the hearing with the attendant exhibits. The answering brief filed by Board of Adjustment on May 8, 1984, correctly and accurately examines the legal and factual questions involved in the appeal and applies settled Delaware case law to those questions.

The Board's brief is adopted as the opinion of the Court in those portions which are appropriate to adopt.

Accordingly, the decision of the Board of Adjustment must be, and it is hereby, affirmed.

B.E.T., Inc. appeals to this Court.

We remand the cause to the Superior Court with directions to file an order or opinion stating the reasons for its decision. An opinion, in which the Court merely adopts and incorporates by reference the brief of one of the parties, is inadequate and unacceptable.

It is established law in this State that a judge must state the reasons for his decision. *Cannon v. Miller*, Del.Supr., 412 A.2d 946 (1980); *Storey v. Camper*, Del. Supr., 401 A.2d 458 (1979); *Husband M. v. Wife D.*, Del.Supr., 399 A.2d 847 (1979); *General Motors Corp. v. Cox*, Del.Supr., 304 A.2d 55 (1973); *Ademski v. Ruth*, Del. Supr., 229 A.2d 837 (1967). Failure to give such reasons constitutes an abuse of discretion. *Husband M. v. Wife D., supra; Storey v. Camper, supra.* While the judge may state his reasons briefly, *Ademski v. Ruth, supra,* he must do so with particularity sufficient to discharge his "duty to make a record to show what factors [he] considered and the reasons for his decision." *Storey v. Camper, supra* at 466.

The reasons for the rule were well restated by this Court in *Cannon v. Miller, supra:*

A judge of our State must understand that the legal requirement of supplying reasons is a matter of judicial ethics as

well as a matter of law. In *Walsh v. Hotel Corporation of America*, Del. Supr., 231 A.2d 458, 460 (1967), this Court specifically noted the then governing Canon of Judicial Ethics No. 19. That Canon read in pertinent part:

"In disposing of controverted cases, a judge should indicate the reasons for his action in an opinion showing that he has not disregarded or overlooked serious arguments of counsel. He thus shows his full understanding of the case, avoids the suspicion of arbitrary conclusion, promotes confidence in his intellectual integrity and may contribute useful precedent to the growth of the law."

While the current canons contained in The Delaware Judges' Code of Judicial Conduct purposely adopt the broader and more general approach now recommended by the American Bar Association, this Court made it specifically clear that "it is part of a trial judge's adjudicative responsibilities 'to state the reasons for his action, no matter how briefly.'" *Ademski v. Ruth, supra*. Canon 3 requires that a judge be "faithful to the law and maintain professional competence". The supplying of reasons for a judicial decision is part of "established law of this State" and also a required incident of the "[maintenance of] professional competence".

412 A.2d at 947.

A judicial "short cut" of this mandate, by the mere incorporation by reference of a party's brief as the Court's opinion, may not be countenanced by this Court.

\* \* \*

Accordingly, (1) the judgment below is vacated and the case is remanded for further proceedings consistent herewith; (2) a report upon the remand shall be filed by the Trial Court as required by Supr.Ct. Rule 19 (c); and (3) the jurisdiction of this Court is reserved.