**Donald B. BALL, Respondent Below, Appellant,**

v.

**DIVISION OF CHILD SUPPORT ENFORCEMENT, Ken Mitchell, Petitioner Below, Appellee.**

No. 571,2000.

Supreme Court of Delaware.

Submitted: April 10, 2001.
Decided: May 30, 2001.

Felice Glennon Kerr, of the Bayard Firm, Wilmington, Delaware, for appellant.

Peter S. Feliceangeli and Brenda L. Sammons, of the Department of Justice, Wilmington, Delaware, for appellee.

Before VEASEY, Chief Justice, HOLLAND and BERGER, Justices.

HOLLAND, Justice:

The parties in this matter are the respondent-appellant, Donald B. Ball (the "Father") and the petitioner-appellee, the Division of Child Support Enforcement ("DCSE"), appearing on behalf of Ken Mitchell (the "Grandfather"). This is the Father's direct appeal from a final judgment of the Family Court denying his motion, under Family Court Civil Rule 60(b), to reopen the dismissal of his petition for review of a Commissioner's order.

The Family Court Commissioner's order modified the amount of child support the Father was obligated to pay to the Grandfather.

The Father has raised two issues on appeal. First, he argues that the Family Court abused its discretion in denying his Motion to Reopen its final judgment of dismissal pursuant to Rule 60(b)(1). Alternatively, he argues that the Family Court abused its discretion in denying his Motion to Reopen its final judgment of dismissal pursuant to Rule 60(b)(6).[1]

We have concluded that the Family Court abused its discretion *per se* in denying the Father's Motion to Reopen without an explanation. Contrary to the well-established law of this State, the Family Court's disposition of the Father's motion simply incorporated the Grandfather's position by reference and did not set forth an independently reasoned judicial explanation for its ruling. Therefore, the judgment of the Family Court must be reversed.

### Background Facts

The Father is a resident of Delaware and the sole surviving parent of Bonnie Ball. Bonnie resides with her maternal grandfather, Ken Mitchell. The Grandfather receives Title IV–D services from the State of New Jersey.[2]

New Jersey initiated a reciprocal child support proceeding in Delaware through DCSE, pursuant to the Uniform Interstate Family Support Act.[3] On February 18, 1998, the first reciprocal support petition

---

1. *See* Fam. Ct. Civ. R. 60(b)(1) & (6):
   On motion and upon such terms as are just, the Court may relieve a party or legal representative from a final judgment, order, or proceeding for the following reasons:
   (1) Mistake, inadvertence, surprise, or excusable neglect; or . . .

    (6) any other reason justifying relief from the operation of the judgment.

2. 42 *U.S.C.* § 651.

3. 13 *Del. C.* §§ 601–691.

from New Jersey was heard in the Delaware Family Court. The evidence presented indicated that the Father's sole source of income was from Social Security benefits. The Family Court held that the Father was not required to pay any child support to the Grandfather.

### Proceedings Before Commissioner

The State of New Jersey initiated a second reciprocal child support proceeding in June of 1999. This second petition was heard by a Family Court Commissioner on September 14, 1999. It was treated as a petition for modification of the original child support order. The Father appeared *pro se.* The Grandfather appeared through DCSE. The Commissioner performed a Melson Formula calculation using an income figure of $52,000 per annum for the Father. On October 4, 1999, the Commissioner entered an order requiring the Father to pay $517 per month for child support.

The Father, through counsel, filed a Motion to Reopen the Commissioner's order on October 12, 1999. The motion alleged that the Father had made a reasonable, excusable mistake in misdelivering certain documents to the Family Court. The motion requested that the Commissioner consider these documents and also schedule a new hearing. The Grandfather, through DCSE, objected to a new hearing, but did not object to the Father's request that the Commissioner consider the misdirected documentation.

The Commissioner granted the Father's Motion to Reopen and reconsidered his income in light of the information provided with the motion, but without an additional hearing. Another Melson Formula calculation was performed using a monthly income of $2,302 for the Father—as opposed to $4,300 in the previous calculation. The Commissioner entered a modified order which required the Father to pay current child support of $343 per month, $174 less than previously ordered.

Before the Commissioner reopened the initial child support order, an arrears petition was decided by the Family Court. The Father agreed to make a lump sum payment of $3,000 on the arrears and pay an additional $25 per month until the arrears were paid in full. Accordingly, the Commissioner's child support order, as modified, was consolidated with the arrears order. The Commissioner's final order set the Father's total monthly support obligation at $368—representing $343 for current support and $25 for the arrears.

### Family Court Judge's Dismissal

The Father appealed to a Family Court Judge from the Commissioner's modified order requiring him to pay $343 per month in current support.[4] The Father alleged that the Commissioner erred in calculating his income and that the Commissioner should have granted him a new hearing. On behalf of the Grandfather, DCSE filed a response to the Father's objections. The Father requested that the transcript of the proceedings before the Commissioner be prepared and stated at paragraph 5: "I certify that I will pay all costs associated with the preparation of the transcript."

A Family Court paralegal sent a letter to the Father's attorney dated August 10, 2000, requesting payment of the transcript fee within thirty days or the petition "may" be dismissed. The Father paid the cost of the transcript fee to his attorney on September 21, 2000. These funds were erroneously applied toward outstanding attorney's fees rather than forwarded to the Family Court for payment of the tran-

4. 10 *Del. C.* § 915; Fam. Ct. Civ. R. 53.1.

script fee. The Father's attorney discovered this bookkeeping error on September 27, 2000 and called the court paralegal. The funds were paid to the Family Court on September 28, 2000. On September 29, 2000, the court paralegal contacted the Father's attorney and informed her that a judge had dismissed the case on September 25, 2000.

### Motion to Reopen Denied

The Father's attorney immediately filed a Motion to Reopen, pursuant to Family Court Civil Rule 60(b)(1) alleging excusable neglect and Rule (b)(6) alleging another reason "justifying relief from the operation of the judgment." The Father's attorney filed this motion before actually receiving the order dismissing the petition and while in the process of moving to another law firm. The order was received by the Father's attorney on October 3, 2000.

The Grandfather and DCSE filed a response in opposition to the Motion to Reopen, noting that the payment for the transcript cost was late, even if it was received on September 21, 2000. Moreover, the Grandfather submitted that remitting the transcript fee nineteen days late was not excusable neglect and did not justify any other basis for relief from the judgment dismissing the Father's appeal from the Commissioner's order. Accordingly, the Grandfather contended that the Father's failure to pay for the transcript in a timely manner precluded further review.

A Family Court Judge denied the Father's Motion to Reopen "for the reasons set forth in the Response." The Father then filed a Motion to Reargue the order denying the Motion to Reopen. This motion was also denied. The Father has taken this appeal from the judgments of the Family Court denying the Motion to Reopen and the Motion for Reargument.

### Dispositions Without Reason

■■■ The entire disposition by the Family Court in denying the Father's Motion to Reopen is as follows: "the Motion to Reopen is DENIED for the reasons set forth in the Response." "It is established law in this State that a judge must state the reasons for the decision."[5] This Court has held that the failure to provide reasons for a judicial determination constitutes an abuse of discretion.[6] Moreover, "a judicial 'short cut' of this mandate, by the mere incorporation by reference of a party's [written position] as the [trial judge's] opinion may not be countenanced by this Court."[7]

■■■ Although the law is well established, we have concluded that it should be restated in this opinion. While a judge may state the reasons for a decision briefly,[8] he or she must do so with "particularity sufficient to discharge the judge's 'duty to make a record to show what factors [were] considered and the reasons for [the] decision.'"[9] The reasons for the rule were stated by this Court many years ago:

---

5. *B.E.T., Inc. v. Board of Adjustment of Sussex County,* Del.Supr., 499 A.2d 811 (1985) (citing *Cannon v. Miller,* Del.Supr., 412 A.2d 946 (1980); *Storey v. Camper,* Del.Supr., 401 A.2d 458 (1979); *Husband M. v. Wife D.,* Del.Supr., 399 A.2d 847 (1979); *General Motors Corp. v. Cox,* Del.Supr., 304 A.2d 55 (1973); *Ademski v. Ruth,* Del.Supr., 229 A.2d 837 (1967)).

6. *Husband M. v. Wife D.,* 399 A.2d at 848.

7. *B.E.T., Inc. v. Board of Adjustment of Sussex County,* 499 A.2d at 812.

8. *Ademski v. Ruth,* 229 A.2d at 838.

9. *B.E.T., Inc. v. Board of Adjustment of Sussex County,* 499 A.2d at 811 (quoting *Storey v. Camper,* 401 A.2d at 466).

A judge of our State must understand that the legal requirement of supplying reasons is a matter of judicial ethics as well as a matter of law. In *Walsh v. Hotel Corporation of American,* Del. Supr., 231 A.2d 458, 460 (1967), this Court specifically noted the then governing Canon of Judicial Ethics No. 19. That Canon read in pertinent part:

In disposing of controverted cases, a judge should indicate the reasons for his action in an opinion showing that he has not disregarded or overlooked serious arguments of counsel. He thus shows his full understanding of the case, avoids the suspicion of arbitrary conclusion, promotes confidence in his intellectual integrity and may contribute useful precedent to the growth of the law.[10]

In addition to the foregoing concerns, a disposition without reasons precludes any meaningful appellate review by this Court. The dilemma presented to this Court was described more than twenty years ago:

This Court basically has three options when faced with an order by a trial judge unsupported by reasons. First, it can affirm the decision as being within the fact finding or discretionary power of the trial judge, if, upon a reading of the record in relation to the order, the reasons appear obvious. Even in cases where this first option is followed, this Court has noted the trial judge should have given reasons. Second, this Court on appeal can retain jurisdiction and remand the case in order to require that the trial judge state the reasons which support his decision. Third, this Court

can reverse and order a new trial. None of the three options are satisfactory and all could be avoided if the trial judge would simply state his reasons in the first instance. Then there would be no need to speculate on appeal.

We are mindful of the tremendous time burdens on our trial courts. But it is part of a trial judge's adjudicative responsibilities to state the reasons for his action, no matter how briefly. There is no problem in most appeals. Indeed, most trial judges are diligent in meeting their responsibility. All should be.[11]

### *Conclusion*

The supplying of reasons for a judicial decision is part of established law of this State.[12] The failure of a trial judge to give reasons for the court's disposition constitutes a *per se* abuse of discretion.[13] "An opinion in which the [trial court] merely adopts and incorporates by reference [the written position] of one of the parties, is inadequate and unacceptable." [14]

The judgment of the Family Court is reversed. We remand the case to the Family Court with directions to consider the Father's motion *ab initio* and, thereafter, to file an order or opinion stating the reasons for its decision.

**10.** *Id.* at 811–12 (quoting *Cannon v. Miller,* 412 A.2d at 947).

**11.** *Husband M. v. Wife D.,* Del.Supr., 399 A.2d 847, 848 (1979) (citations omitted).

**12.** *B.E.T., Inc. v. Board of Adjustment of Sussex County,* Del.Supr., 499 A.2d 811 (1985).

**13.** *Husband M. v. Wife D.,* Del.Supr., 399 A.2d 847, 848 (1979).

**14.** *B.E.T., Inc. v. Board of Adjustment of Sussex County,* 499 A.2d at 811.