KENNETH LESSER,[1] Petitioner Below-Appellant,
v.
NANCY NEWTON, Respondent Below-Appellee.
No. 574, 2007.
Supreme Court of Delaware.
Submitted: August 8, 2008.
Decided: August 28, 2008.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices

ORDER
Myron T. Steele, Chief Justice.
This 28th day of August 2008, upon consideration of the briefs on appeal, the record below, the Family Court's June 24, 2008 order following remand, and the parties' supplemental memoranda, it appears to the Court that:
(1) The petitioner-appellant, Kenneth Lesser ("Father"), filed an appeal from the Family Court's October 2, 2007 final order denying his "petition for tax deduction." The "petition" requested that the Family Court modify its child support order to permit him to claim his four minor children with the respondent-appellee, Nancy Newton ("Mother"), as dependents on his tax return. On May 29, 2008, we remanded the matter to the Family Court because its October 2, 2007 order did not provide the basis for its decision.[2]
(2) In its June 24, 2008 order following remand, the Family Court explains its reasoning for denying Father's motion as follows: Father filed his motion, which requested a modification of child support, on a form provided by the Family Court. Although clearly a child support matter, the motion was filed as a custody matter and was assigned a custody petition number by Family Court personnel. An advisory notice subsequently was sent to Father advising him that there was no underlying custody petition to support his motion and to correct the deficiency. Because the deficiency was not corrected, however, the motion was denied.
(3) In his opening supplemental memorandum to the Court following the issuance of the Family Court's decision on remand, Father states that he was never told that his motion should not have been filed as a custody matter. However, the advisory notice attached to Father's opening memorandum reflects that he was, in fact, notified that there was no underlying custody petition supporting his motion and that the deficiency should be corrected.[3]
(4) This Court's review of appeals from the Family Court extends to a review of the facts and the law, as well as a review of the inferences and deductions made by the judge.[4] This Court will not disturb findings of fact unless they are clearly wrong and justice requires that they be overturned.[5] If the Family Court has correctly applied the law, the standard of review is abuse of discretion.[6] Errors of law are reviewed de novo.[7] In the absence of any evidence of error or abuse of discretion on the part of the Family Court in denying Father's motion for his failure, after notice, to follow Family Court procedures, the Family Court's judgment must be affirmed.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] Pseudonyms were assigned to the parties by Order of this Court dated May 29, 2008. Supr. Ct. R. 7(d).
[2] Ball v. Division of Child Support Enforcement, 780 A.2d 1101, 1104 (Del. 2001).
[3] We note that the notice misspells the word "underlying," which may have caused confusion. However, even though he was proceeding pro se, it was Father's obligation to clear up any confusion he may have had on that point.
[4] Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[5] Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983).
[6] Jones v. Lang, 591 A.2d 185, 186 (Del. 1991).
[7] In re Heller, 669 A.2d 25, 26 (Del. 1995).