JOSEPH MASONS,[1] Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 552, 2008.
Supreme Court of Delaware.
Submitted: February 4, 2009.
Decided: May 4, 2009.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 4th day of May 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) After a two-day trial in the Family Court on October 20 and 22, 2008, the appellant, Joseph Masons, was adjudicated delinquent on one count of Criminal Mischief over $1,000 and two counts each of Theft of a Motor Vehicle, Possession of Burglar Tools, Burglary in the Third Degree, Conspiracy in the Second Degree, Criminal Mischief under $1,000, and Theft under $1,000. The Family Court sentenced Masons to a mandatory six-month commitment at the Ferris School and restitution. This is Masons' direct appeal.
(2) Masons contends that "the judgment of the Family Court must be vacated because the reasons for the decision are not adequately shown in the record." Masons' claim is without merit. When announcing its decision on October 22, 2008, the Family Court explained on the record the factual bases for its determination that Masons had committed the crimes of which he was accused. The transcript of Masons' trial, in conjunction with the Family Court's summary order dated October 22, 2008, is sufficient as a matter of law for this Court to perform its appellate function.[2] Our review of the record reveals no error or abuse of discretion upon which to overrule the Family Court's adjudication.
(3) It is manifest on the face of Masons' opening brief that this appeal is without merit. The issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the motion to affirm is GRANTED. The judgment of the Family Court is AFFIRMED.
NOTES
[1] The caption reflects a pseudonym selected by the Court. Del. Supr. Ct. R. 7(d).
[2] See Schoenbeck v. Schoenbeck, 1998 WL 10759 (Del. Supr.) (citing Cannon v. Miller, 412 A.2d 946 (Del. 1980)); Rineer v. Seal, 1993 WL 542300 (Del. Supr.) (citing B.E.T., Inc. v. Bd. of Adjustment of Sussex County, 499 A.2d 811 (Del. 1985)).