JENNIFER BAYLIS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 586, 2009.
Supreme Court of Delaware.
Submitted: December 9, 2009.
Decided: January 14, 2010.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
Myron T. Steele, Chief Justice.
This 14th day of January 2010, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Jennifer Baylis, filed an appeal from the Superior Court's September 4, 2009 order denying her motion for sentence modification pursuant to Superior Court Criminal Rule 35(b). The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In February 2009, Baylis pleaded guilty to Arson in the First Degree and Reckless Endangering in the First Degree. On the arson conviction, Baylis was sentenced to 10 years incarceration at Level V, to be suspended after 36 months for 2 years at Level IV, in turn to be suspended after either 6 months at Level IV work release or successful completion of inpatient drug treatment for the balance of the sentence at Level III probation. On the reckless endangering conviction, she was sentenced to 15 months incarceration at Level V, to be suspended for 2 years at Level III probation. Baylis did not file a direct appeal of her convictions.
(3) In this appeal, Baylis claims that a) the Superior Court abused its discretion in denying her motion for sentence modification because i) her sentence exceeded the TIS guidelines; ii) her pre-sentence evaluation advised supervised probation and mental health care; and iii) the drug abuse evaluation that was ordered has not yet been completed; and b) the Superior Court abused its discretion by failing to provide reasons for its denial of her motion for sentence modification.
(4) Baylis' first claim is that the Superior Court abused its discretion by not following the TIS guidelines and the pre-sentence recommendations in sentencing her. The record reflects that Baylis' sentences were within the statutory limits and there is no evidence that her sentences were imposed on the basis of demonstrably false information or information lacking the minimal indicia of reliability, or that the sentencing judge relied on impermissible factors or exhibited a closed mind.[2] Merely because Baylis' sentences exceeded the TIS guidelines does not provide her with a basis for appeal.[3] We, therefore, find no basis for Baylis' first claim of an abuse of discretion on the part of the Superior Court.
(5) Baylis' second claim is that the Superior Court abused its discretion by failing to adequately set forth the reasoning behind its decision to deny her motion.[4] It is well-settled that the legal requirement of supplying reasons for a judicial decision is a matter of judicial ethics as well as a matter of law.[5] We agree that the Superior Court did not adequately set forth the reasoning behind its decision. However, because in this instance it is manifest that Baylis' appeal is without merit, we see no purpose in remanding the matter for further action and will affirm the Superior Court's denial of Baylis' motion.
(6) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Fink v. State, 817 A.2d 781, 790 (Del. 2003).
[3] Mayes v. State, 604 A.2d 842, 845 (Del. 1992).
[4] In its decision, the Superior Court stated only, "I am satisfied that the sentence I originally imposed is appropriate."
[5] Cannon v. Miller, 412 A.2d 946, 947 (Del. 1980).