CHERIE JACQUES, Plaintiff Below-Appellant,
v.
LaCROSS HOMES OF DELAWARE, INC., Defendant Below-Appellee.
No. 388, 2009.
Supreme Court of Delaware.
Submitted: March 5, 2010.
Decided: April 21, 2010.
Before HOLLAND, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 21st day of April 2010, upon consideration of appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:
(1) The appellant, Cherie Jacques, filed this appeal from a Superior Court jury's verdict in favor of the appellee, LaCross Homes of Delaware, Inc. ("LaCross"), following a two-day trial. LaCross has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Jacques' opening brief that her appeal is without merit. We agree and affirm.
(2) The record reflects that Jacques, through counsel, filed a complaint in the Superior Court against LaCross for personal injuries she allegedly sustained after she tripped and fell on a step while exiting a model home owned by LaCross. Jacques alleged that LaCross was negligent in its construction and/or maintenance of the step and also was negligent in its failure to warn that the step created a hazardous condition. Following a two-day trial, the jury rendered a verdict in favor of LaCross. Thereafter, Jacques filed this appeal pro se.
(3) Jacques appears to raise two issues in her opening brief on appeal. First, she seems to argue that the jury's verdict was against the weight of the evidence. Second, she contends that it was improper for the jury to consider evidence relating to disabilities that she suffered from prior to her fall on LaCross' property.
(4) With respect to the first issue, Jacques appears to argue that the jury's verdict was unjust because her doctors can prove that she has suffered injuries that will "stay with [her] for life." Jacques' argument fails to recognize, however, that jury concluded that LaCross was not negligent. Accordingly, the jury never reached the issue of Jacques' damages. Jacques does not raise any challenge on appeal to the jury's unanimous verdict on the issue of liability. Moreover, she has not provided any transcripts from the trial in order for the Court to conduct an independent review of the jury's findings to ensure those findings were supported by the evidence.[1]
(5) Similarly, without the trial transcript, the Court has no adequate basis to review whether the Superior Court abused its discretion in admitting Jacques' prior injuries into evidence.[2] As the appellant, it was incumbent upon Jacques to provide the Court with "such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred."[3] Without the transcript, the Court has no basis to review the substance of Jacques' claim of error.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Const. art. IV, §11(1)(a); Storey v. Camper, 401 A.2d 458, 465 (Del. 1979).
[2] Lynch v. McCarron, 1997 WL 33110 (Del. Jan. 13, 1997).
[3] Tricoche v. State, 525 A.2d 151, 154 (Del. 1987).