**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE**
**IN AND FOR SUSSEX COUNTY**

ANGELA L. DE FELICE, )
)
    Plaintiff Below/ Appellant, )
)
    v. )    **C.A. No. CPU6-15-001621**
)
CATHERINE NELSON, )
)
    Defendant Below/ Appellee, )
)
    and )
)
ROBERT LANGLEY )
)
    Defendant Below/ Appellee. )

Submitted and Decided February 1, 2016

*Angela De Felice, pro se, for Plaintiff Below/Appellant*
*Catherine Nelson, pro se, for Defendant Below/Appellee*
*Robert Langley, pro se, for Defendant Below/Appellee*

## ORDER ON PLAINTIFF / APPELLANT'S APPEAL FROM THE JP COURT

Plaintiff Below/ Appellant Angela L. De Felice[1] (Appellant) appealed a November 4, 2015 JP Court decision to this Court on December 14, 2015. For the reasons discussed below, Ms. De Felice's appeal to this Court is **DISMISSED**.

## PROCEDURAL HISTORY AND FACTS

On November 4, 2015, the JP Court entered judgment against Appellant in her action to recover unpaid rent and damages to a rental property.[2] Ms. De Felice filed an

---

[1] The caption of the initial filing in JP Court names the Plaintiff Below/ Appellant "Angela L. *Defelice*," and the Court captioned the action accordingly. However, in her filings, Plaintiff Below/ Appellant spells her surname consistently as "De Felice." The Court considers the caption amended by stipulation to the correct name.

1

appeal of that decision with this Court on December 14, 2015. Defendants below/Appellees filed answers to the Complaint on Appeal on January 1, 2016 and January 7, 2016. Neither responsive pleading addresses the threshold jurisdictional issue the Court must raise below, *sua sponte*.

## DISCUSSION

The Court of Common Pleas may dismiss an action on appeal *sua sponte* if the appeal is untimely. An appeal from the JP Court to the Court of Common Pleas "shall be taken within 15 days of the [JP Court] final order, ruling, decision or judgment."[3] The Court of Common Pleas lacks jurisdiction to consider untimely appeals of JP Court decisions.[4] However, an appeal will not be dismissed as untimely if a *pro se* appellant "has done all that is required of him in seeking review but his default has been occasioned by court-related personnel."[5] This Court previously found a *pro se* litigant's claim that he did not receive a copy of the JP Court's decision by mail insufficient, standing alone, to demonstrate the delay in filing was occasioned by court personnel.[6]

In this case, Appellant failed to file her appeal within 15 days of the JP Court's decision.[7] Her appeal is thus untimely, and cannot be heard by this Court unless court-related personnel are responsible for the tardiness of the filing. In her complaint on appeal, Appellant requests the Court excuse her untimely filing because she did not

---

[2] *Defelice v. Nelson,* C.A. No. JP17-15-004501 (Del. J.P. Nov. 4, 2015).

[3] 10 *Del. C.* § 9571(b); Ct. Com. Pl. Civ. R. 72.3(a),(b).

[4] *Ademski v. Ruth*, 229 A.2d 837 (Del. Super. 1967); Freedman v. Aronoff, 1994 WL 555429 (Aug. 25, 1994) (applying the *Ademski* holding to an untimely appeal of a JP Court decision to the Court of Common Pleas).

[5] *Hicks v. Taggart*, 1999 WL 462375 (Del. Super. Apr. 12, 1999) (citing *Bey v. State*, 402 A.2d 362 (1979)).

[6] *Short v. Johnson*, 2015 WL 1609328 (Del. Com. Pl. Mar. 30, 2015).

[7] According to the Ct. Com. Pl. Civ. R. 6 time period computation provisions, in this case, the 15-day period to appeal ended on Nov. 20, 2015.

receive the JP Court order via mail. Rather, upon hearing from others that a decision had been made, she went to the JP Court and received a copy of the order on November 25, 2015. Appellant suggests she did not receive the JP Court order by mail due to "issues" she has had "receiving mail at her address."[8]

It is clear that neither JP Court action nor inaction caused Appellant's late filing. The JP Court docket indicates the JP Court issued notice of judgment and appeal rights on November 4, 2015. Regardless, Appellant does not allege any error by the JP Court. In fact, her statement that she "has had issues receiving mail at her address" [9] suggests no fault lies with the JP Court or any JP Court-related personnel.

## CONCLUSION

For the foregoing reasons, Plaintiff's appeal of the JP Court judgment is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED** this _____ day of _____, 2016.

_____
Kenneth S. Clark, Jr., Judge

---

[8] Appellant's Complaint, ¶ 3 ("Plaintiff is requesting that the Court allow for an exception to be made since she did not receive the Court Order. Plaintiff has had issues receiving mail at her address").
[9] *Id.*

3