# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

STATE FARM MUTUAL )
AUTOMOBILE INSURANCE )
COMPANY, )
          )
  Plaintiff, )
          )
  v. )   C.A. No. CPU4-14-002799
          )
MORGAN E. DAILEY and )
VICTOR M. RESTREPO-RUBIO )
          )
  Defendants. )

Submitted: January 19, 2016
Decided: March 14, 2016

Geoffrey S. Lockyer, Esquire
Weber Gallagher Simpson
Stapleton Fires & Newby LLP
19 South State Street, Suite 100
Dover, DE 19901
*Attorney for Plaintiff*

Victor Restrepo-Rubio
49 Mill Road
Newark, DE 19711
*Pro Se Defendant*

Morgan E. Dailey
26 Yearsley Drive
Wilmington, DE 19808
*Pro Se Defendant*

## ORDER

**COMES NOW**, this 11th day of March, 2016, the Court finds as follows:

1. Defendant Victor M. Restrepo-Rubio ("Restrepo-Rubio") brings this Motion for a New Trial (the "Motion"), pursuant to *Court of Common Pleas Civil Rule* 59(a).

2. On January 4, 2016, this Court held trial and entered judgment in favor of State Farm Mutual Automobile Insurance Company ("Plaintiff") and against Defendant

Morgan E. Dailey ("Dailey") and Restrepo-Rubio (collectively, "Defendants") jointly and severally in the amount of $9,500.00 plus costs and interest at the post-legal rate.

3. On January 11, 2016, Restrepo-Rubio filed the present Motion with the Court. On January 21, 2016, Plaintiff filed a letter with the Court opposing the Motion. This is the Court's final Order and Opinion on the Motion for New Trial.

4. In the Motion, Restrepo-Rubio sets forth a number of arguments in support of his Motion. First, Restrepo-Rubio contends that he did not have an opportunity to adequately prepare for trial because Plaintiff failed to respond to his discovery requests from October 9, 2014, which left him without access to certain evidence. Second, Restrepo-Rubio argues that Dailey did not have permission to use his vehicle, and highlights certain testimony elicited at trial to support this contention. Specifically, Restrepo-Rubio claims that Dailey did not have authorization to enter into Restrepo-Rubio's home or use Restrepo-Rubio's vehicle, and that, because of the language barrier between Dailey and Restrepo-Rubio—he speaks Spanish, and does not speak English—he never agreed to allow Dailey to use the vehicle. Finally, Restrepo-Rubio argues that Dailey should be solely liable in this matter because she accepted responsibility for the accident.

5. Plaintiff opposes the Motion, and denies all allegations set forth by Restrepo-Rubio.

6. *Court of Common Pleas Civil Rule* 59 governs motions for new trials. Pursuant to *Rule* 59(a), "[a] new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial for any of the reasons for which new trials have heretofore been granted in this Court. On a motion for a new trial, the Court may open

2

the judgment if one has been entered, take additional testimony and direct the entry of a new judgment." The granting of a new trial is at the discretion of the trial judge,[1] however, a trial judge is only permitted to set aside a verdict when, in his judgment, the verdict goes against the great weight of the evidence.[2]

7. New trials based on additional evidence or newly discovered evidence are not favored by the Court.[3] A litigant, even a *pro se* litigant such as the Petitioner, is required to make the "fullest possible preparation of the case before trial."[4] "The Court will not grant reargument where one party is simply unhappy with its rulings, makes the same arguments that he or she made at trial, or attempts to [submit] evidence which could have been but was not [introduced] at trial."[5]

8. In the Motion currently pending before the Court, Restrepo-Rubio does not raise or set forth any new evidence nor any other basis for the Court to revisit the conclusion reached after trial on the merits. Restrepo-Rubio claims that he was not provided an opportunity to adequately prepare for trial, arguing that Plaintiff failed to respond to his discovery requests. However, the Docket reflects that Restrepo-Rubio never raised this issue prior to trial, and therefore, this argument is deemed untimely and not properly before the Court. Restrepo-Rubio's second argument—that Dailey did not have authorization to enter into Restrepo-Rubio's home or use Restrepo-Rubio's vehicle—was already presented to the Court at trial. In finding against Restrepo-Rubio on this issue, I found that the weight of the evidence indicated that Dailey was living at Restrepo-Rubio's home, albeit

---

[1] *Eustice v. Rupert*, 460 A.2d 507, 510 (Del.1983) (citing *Tyndall v. Tyndall*, 214 A.2d 124, 126 (Del.1965)).
[2] *Storey v. Camper*, 401 A.2d 458, 465 (Del. 1979).
[3] *In Re Missouri-Kansas Pipe Line Co.*, 2 A.2d 273, 277 (Del.1938)
[4] *Id.*
[5] *N.E.E. v. K. E.*, 2008 WL 1953487, at *1 (Del.Fam.Ct.)

temporarily, due to the nature of her relationship with Restrepo-Rubio's son, and that Dailey had apparent authority to use the vehicle. Finally, Restrepo-Rubio's argument that Dailey's admission of liability precludes his liability is without merit because Plaintiff filed this action against Defendants, seeking joint and several liability for Dailey's negligence in operating the motor vehicle and for Restrepo-Rubio's negligence in entrusting the vehicle to Dailey.[6] At trial, after reviewing the evidence and weighing the credibility of the witnesses, the Court found that Defendants' individual negligence resulted from different acts that caused the same indivisible injury against State Farm's insured. Accordingly, Defendant's Motion for a New Trial is hereby **DENIED**.

**IT IS SO ORDERED** this **14th day of March, 2016.**

_____
The Honorable Alex J. Smalls.
Chief Judge

---

[6] "A defendant's status as a joint tortfeasor is generally based upon a 'reliable determination, either judicially or by admission, that the person is liable in tort.'" *Campbell v. Robinson*, 2007 WL 1765558, at *2 (Del. Super.) (quoting *Capano v. Capano*, 2003 WL 22843906, at *2 (Del. Ch.)). "Codefendants may be jointly and severally liable for causing the same indivisible injury even though each defendant's individual negligence results from different acts or is defined by different statutes or theories." *Id.* (citations omitted).