SILAS HUBBARD *vs.* LIMERICK WATER AND ELECTRIC COMPANY.

York.   Opinion June 21, 1912.

*Motion to Dismiss.   Pleading.   Property.   Process.   Natural Flow.   Waters.*

1. A motion to dismiss lies only to some defect which can be seen on inspection of the writ alone. It does not lie, where to support or resist it, proof is necessary dehors the writ.

2. The plaintiff as a lower mill owner had the right to the natural flow of the river, which right is regarded and protected as property.

3. Before the defendant had a right to take and detain the waters of the river, it was incumbent upon him to take the water in the same manner as it would be required to take other property.

On report.   Case remanded.

Action on the case to recover damages alleged to have been caused by the defendant unlawfully erecting and maintaining a dam across the Little Ossipee river, above the plaintiff's mill, "thereby diverting and cutting off a large part of the water which was accustomed to flow into the plaintiff's dam and pond, and stopping the natural course of the water and preventing the same from coming to the plaintiff's said mill." A motion to dismiss the action and an agreed statement of facts were filed. The case was then reported to the Law Court for determination.

The case is stated in the opinion.

*Foster & Foster,* for plaintiff.

*Lord & Fenderson, and Frank M. Higgins,* for defendant.

SITTING:   WHITEHOUSE, C. J., CORNISH, KING, BIRD, HALEY, HANSON, JJ.

HALEY, J.   This is an action on the case brought by the plaintiff to recover damages alleged to have been sustained by the acts of the defendant in unlawfully erecting and maintaining a dam across the

Little Ossipee river, in the towns of Limerick and Waterborough, in York County, and wrongfully diverting the water from the river.

The declaration alleges, in substance, that the plaintiff was the owner and in possession of an ancient dam, mill and privilege, and entitled to have all the water of said stream, without obstruction or impediment, flow into the pond connected with the mill and privilege, and that the defendant unjustly erected a new dam above the plaintiff's dam, and thereby cut off a large part of the water flowing into the plaintiff's privilege, and stopping the natural flow of said water and diverted and detained the waters of said river, and that, by the acts of the defendant, the plaintiff was unable to obtain sufficient water to operate his mill, and that, by said obstruction and detention of the waters of the Little Ossipee river, as alleged, the plaintiff has been unable to obtain water to operate his mill in the manner he would have operated it, and did operate it, before the doing of the acts of the defendant complained of.

A motion to dismiss the plaintiff's writ was filed, in which it was alleged that the defendant was duly incorporated, as a corporation under the provisions of chapter 159 of the Private and Special Laws of Maine for the year 1907, as amended by chapter 117 of the Private and Special Laws of Maine for the year 1909; that said act, by section 4, reading as follows, "Said corporation shall be held liable to pay all damages that may be sustained by any person by the taking of land or other property, by excavating through any land for the purpose of laying down pipes and aqueducts, building dams, reservoirs, by flowage, the erection of poles and wires or other structures, and any person sustaining damages as aforesaid, if he cannot agree with said corporation upon the sum to be paid therefor, may cause his damages to be assessed in the same manner and subject to the same conditions, restrictions and limitations as is provided by law in the case of damages by the laying out of highways," has provided an express tribunal to have determined the damages, if any, sustained by him, and for that reason this action should be dismissed.

The case is before this court upon said motion and an agreed statement of facts relating to the filing in the office of the Register of Deeds, at Alfred, of a plan and description showing the land and

other property taken by the defendant under its charter, which plan is a part of the case.

The motion to dismiss must be denied. "Such a motion lies only to some defect which can be seen on inspection of the writ alone. It does not lie where to support or resist it proof is necessary dehors the writ." *Hunter* v. *Heath,* 76 Maine, 219; *Shurtleff* v. *Redlon,* 109 Maine. To sustain the defendant's motion, it is obliged to prove from the record in the Registry of Deeds the filing by it of a plan and description of the property taken by the defendant, which would be by evidence dehors the writ. The agreed statement shows that the defendant filed in the Registry of Deeds of York County, a plan containing a description of the land flowed by it, and the length of the dam it erected across the little Ossipee river six miles above the plaintiff's mill. The case does not now show that the defendant attempted by any plan or description filed in the Registry of Deeds, to take any of the waters of the Little Ossipee river, to what height its dam was erected, or what part of the time, if not all of the time, it intended to hold back the water. If the defendant would justify the taking of property under its charter, it must show that it has complied with the requirements of law in the taking of the property.

The plaintiff, as a lower mill owner, had the right to the natural flow of the river, which right is regarded and protected as property, and, before the defendant had a right to take and detain the waters of the river, it was incumbent upon him to take the water in the same manner as it would be required to take other property.

*Hamor* v. *Bar Harbor Water Co.,* 78 Maine, 127, and cases cited upon pages 134 and 135.

*Williams* v. *Water Co.,* 79 Maine, 543.

*Ingraham* v. *Water Co.,* 82 Maine, 335.

The plan and description filed in the office of the Register of Deeds by the defendant in its attempt to comply with section 5 of chapter 159 of the Private and Special Laws of 1907, only shows the length of the dam, and the land flowed above the dam. It does not purport to take any of the water of the river or contain any statement of the time it intends to detain the water not used by it in supplying water to its patrons. This is not a compliance with the statute, and, until the defendant complies with the act under

which it was organized, the owners of the property taken by it, and not taken in the manner prescribed by the act, are not bound to and cannot submit their claim for damages to the county commissioners, except by a reference to them as individuals. As a court, the county commissioners have no jurisdiction. There having been a taking of the water which the plaintiff was entitled to have flow to his mill, and the defendant, not having complied with the law authorizing it to take that water, cannot justify the taking, and the case must be remanded to *nisi prius* to be heard upon the question of damages.

> *Case remanded to be heard upon*
> *the question of damages only.*