BAUGH & SONS COMPANY, a corporation of the State of Pennsylvania, *v.* THE CROWELL CORPORATION, a corporation of the State of New York.

(*May* 6, 1930.)

PENNEWILL, C. J., RICHARDS and RODNEY, J. J., sitting.

*Rankin Davis* for plaintiff.

*James R. Morford* (of Marvel, Morford and Ward) for defendant.

Superior Court for New Castle County, March Term, 1930. No. 6, March Term, 1929.

PENNEWILL, C. J., delivering the opinion of the court:

The plaintiff attacks the plea of the defendant on two grounds, viz.:

1. The Sheriff of New York County did not validly attach the cause of action sued on here.

2. The alleged levy of attachment made by the Sheriff of New York County did not vest in him the absolute right, title and interest in said cause of action.

The *New York Civil Practice Act,* under which the right of action sued on here is claimed to have been legally seized in the New York proceeding is set forth at length in the plea demurred to, but the provision upon which the defendant specifically relies is section 916, which provides as follows:

"The attachment may also be levied upon a cause of action arising upon contract * * * whether past due or yet to become due * * * which belongs to the defendant and is found within the county. The levy of the attachment thereupon is deemed a levy upon, and a seizure and attachment of, the debt represented thereby."

The other sections of the *Civil Practice Act of New York* pleaded define the procedure in securing and executing the warrant of attachment; and defendant's plea alleges that the warrant was issued and executed pursuant to and in compliance with such statutory provisions.

The defendant, in his argument, assumes

1. That a debt owed by itself could be attached by itself acting as plaintiff under the New York statute, and

2. That such an attachment, made in compliance with the New York law, vested in the Sheriff making the levy such an absolute right, title and interest in the thing attached as to preclude any action on the same while in the legal custody of the sheriff.

The first point was not argued by the defendant and no authority is cited in support of it.

It must be borne in mind that the defendant predicated its plea upon an alleged attachment in the State of New York wherein it, as plaintiff, had the Sheriff of New York County levy upon the present cause of action, a debt owed by itself, and which the plaintiff, in the Delaware action later entered suit upon.

The validity of such attachment and levy is denied by the plaintiff, and authorities are cited in support of its contention.

In *Penoyar v. Eelsey*, 150 *N. Y.* 77, 44 *N. E.* 788, 789, 34 *L. R. A.* 248, the court discusses the history and purposes of attachment laws in that jurisdiction, and we quote from the opinion the following:

"Its present purpose is not to compel appearance by the debtor, but to secure the debt or claim of the creditor. It is a proceeding *in rem*, and the process may issue, in certain cases, whether the defendant has been served with a summons or not, although inability to serve, through the fault of the defendant, is a ground upon which the warrant may be granted. * * * Attachment, as a provisional remedy, with the object of securing a debt by preliminary levy upon property to conserve it for eventual execution, was created by the Code of Procedure, and has been continued and extended by the Code of Civil Procedure."

The attachment laws of Rhode Island, which seem to be similar to those of New York in matters pertinent to the present discussions, were considered in the case of *Knight v. Clyde*, 12 *R. I.* 119. The court in that case, in holding that the attachment was invalid, said:

"The only service in this case which is relied upon is a service by foreign attachment upon the plaintiffs themselves. The defendants, who are nonresidents, appear, not to answer the action, but simply to move its dismissal for want of legal service. The only question now before us is, therefore, whether such a service is valid.

"We think such a service is invalid; for, though our statute nowhere expressly provides that the plaintiff shall not be the garnishee, it contains provisions which are inconsistent with it. For instance, it provides that the plaintiff may sue the garnishee. It provides also that the garnishee may defend the suit in which he is garnished in the name of the defendant and that he may recover costs of the plaintiff. These provisions imply that the plaintiff and the garnishee are to be different persons. They are not only contemplated as occupying adverse relations, but the garnishee is regarded as representing the defendant and is allowed to act for him, which would be repugnant to the first principles of jurisprudence if he might himself be the plaintiff.

"In *Belknap v. Gibbens*, 13 *Metc.* (*Mass.*) 471, the court expressed itself strongly against such a service, though it did not become necessary in that case to decide whether such a service could be valid or not. In *Blaisdell v. Ladd*, 14 *N. H.* 129, the plaintiffs constituted a co-partnership. One of the co-partners was administrator upon an estate which was indebted to the defendant. The writ was served on him in his representative capacity by garnishment. The court held that the service was invalid because the garnishee was one of the plaintiffs. This decision is reaffirmed in *Hoag v. Hoag*, 55 *N. H.* 172."

While the New York statute, like the Rhode Island law, nowhere expressly provides that the plaintiff shall not attach itself,

or be its own garnishee, it does contain provisions that are inconsistent with it.

Section 917 of the *Civil Practice Act* provides for the manner in which the sheriff is required to make the levy.

Section 918 provides that the person holding the property attached must furnish a certificate setting forth the nature and description of the property, etc. Section 919 permits the court to direct the examination of a person refusing to issue the certificate provided for in section 918.

Section 922 authorizes the sheriff or the plaintiff to commence any action for the purpose of obtaining possession of the attached property, whether constructive or actual. The said section also permits the sheriff to commence an action in aid of attachment, to compel discovery of attached property and to prevent transfer thereof, etc.

Section 943 provides for an action by the plaintiff and sheriff jointly to recover any property and/or demand attached, etc.

Section 953 permits the defendant to discharge the attachment upon giving an undertaking equal to the appraised value of the attached property. The undertaking provides that the defendant will pay the plaintiff the amount of the bond in reduction of the judgment. In effect, the plaintiff thereby obtains an undertaking from the defendant that the plaintiff will discharge its own obligation.

Upon reason, as well as authority, we are constrained to hold that the New York attachment law, relied on by the defendant, does not authorize, or contemplate, an attachment by a plaintiff of a debt owed by itself.

The defendant has not cited any authority to the contrary. To uphold the validity of the New York attachment and levy would, we think, be inconsistent with the manifest intent and scope of the statute, as well as contrary to reason.

Perhaps we should refer to an order made by the Supreme Court of the State of New York for the County of New York in the attachment case there, viz.: "The Crowell Corporation, Plaintiff, against Baugh & Sons Company, Defendant."

A copy of that order is shown to inform the court here that the New York Court denied the motion of the defendant to vacate and set aside

"* * * the order for the service of the summons and complaint by publication, entered herein on April 15, 1929, on the grounds that the warrant of attachment herein was not levied upon property of the defendant within the State of New York prior to or at the time of the entry of said order of publication."

The record shows that both parties were represented by counsel, and

"On due deliberation having been had thereon, and on filing the opinion of the court, it is ordered, that said motion be, and the same hereby is, in all respects denied," etc.

The record furnished this court does not contain any "opinion" of the New York Court other than the "order" denying the motion, and we are inclined to believe that no other opinion was given.

In the absence of any opinion, it is manifest that it cannot be said on what specific ground, or for what particular reason, the motion made by the defendant was denied. Certainly, there is nothing in the record which shows that the New York Court sustained the plaintiff's attempted attachment of itself. On the contrary, it is fair to presume from the record we have before us that the issue determined was not the validity of the attachment.

In view of the court's decision on the first point, it is not necessary to express an opinion on the second. If the attachment issued in New York was invalid, it is immaterial what was done by the sheriff in pursuance thereof, or what his interest would have been in the cause of action after levy if the attachment had been valid.

We may say, however, we are not convinced that a levy made under the attachment laws of the State of New York vests in the sheriff such an absolute interest in the debt or chose of action attached as to prevent any subsequent proceeding thereon while in the custody of the sheriff.

The demurrer to defendant's sixth amended plea is, therefore, sustained.