# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DEEDRA PRINCE,                          :
                                        :
            Plaintiff,                   :        C.A. No. K18C-02-005 JJC
                                        :        In and for Kent County
            v.                           :
                                        :
FERRITTO, LLC & SYNOSKI REAL             :
ESTATE MANAGEMENT, LLC,                  :
                                        :
            Defendants.                  :

# ORDER

Submitted:  November 25, 2019
Decided:  December 2, 2019

On this 2nd day of December, 2019, having considered Plaintiff Deedra Prince's motion for judgment as a matter of law and motion for a new trial, and Defendants Ferritto, LLC, and Synoski Real Estate Management, LLC (collectively referred to in the singular as "Ferritto")'s responses in opposition, it appears that:

1.      The parties tried this premises liability case before a jury from November 12, 2019 through November 15, 2019.  The jury returned a defense verdict and found that Ferritto was not negligent in any manner that proximately caused injury to Ms. Prince.

2.      The facts relevant to both motions are those presented at trial when viewed in the light most favorable to the non-movant, Ferritto.  The trial centered on Ms. Prince's testimony that her foot broke through a floor board on the porch of a home she rented from Ferritto in June 2016.  Ms. Prince had complained to Ferritto about the poor condition of the porch in October 2015.  Thereafter, Ferritto sent a contractor to the rental unit to inspect it.  The contractor told Ferritto that the porch was safe.

Thereafter, Ms. Prince again complained about the porch's condition in the Spring of 2016. The additional complaints did not specifically reference the porch's deck.

3. On May 4, 2016, a podiatric record first referenced Ms. Prince's left ankle pain. On that date, she saw Dr. Barton for the first time and described left ankle pain that she had been suffering for approximately two years. She testified that Dr. Barton told her that her complaints were work related.

4. Following that visit, Ms. Prince testified that, on June 25, 2016, she stepped through one of the porch's floor boards and injured her left foot. There were no eyewitnesses other than Ms. Prince. She testified that she felt no pain at the time. Rather, her pain did not start until several hours later when she arose from bed. Ms. Prince did not notify Ferritto that she allegedly stepped through the deck until greater than two weeks after the alleged incident. When she notified Ferritto of this by text, she alluded that her left foot and ankle pains were related to work.

5. In the early morning hours of June 26, 2016, Ms. Prince's boyfriend drove her to the Kent General Emergency Room. Kent General records reflected that she hurt herself when getting out of bed. They also reflected that she denied any acute injury. The records did not mention any trauma, much less a porch related incident.

6. After the emergency room visit on June 26th, Ms. Prince again saw Dr. Barton. Her initial visit after the alleged incident was on July 11, 2016. The record of her initial visit reflected that she was "unsure of the onset" of her left foot and ankle pain. Thereafter, she followed with him for approximately five months. Over the next five months, Dr. Barton's records referenced nothing about the porch incident contributing to her injury.

7. In addition, during that period, Ms. Prince attended physical therapy. At her first visit, she referenced the onset of her pain being when she "stood up in the middle of the night to use the restroom and fell to the floor in pain." Throughout her

2

course of therapy from August through December 2016, her records mentioned nothing about the alleged porch incident.

8. After the close of the evidence and after the parties' summations, Ms. Prince orally moved for judgment as a matter of law pursuant to Superior Court Civil Rule 50(a)(1). She did so as the jury began its deliberations. At that point, the Court deferred its decision and directed her to renew it in writing, if necessary, after the jury returned its verdict. In the motion, she focuses solely on Ferritto's closing argument. Namely, she argues that Ferritto's counsel admitted negligence and that its negligence caused at least some harm to Ms. Prince. In advancing that argument, she focuses on a power point slide used by opposing counsel during her closing. The slide referenced the amount of bills that Ms. Prince claims and that $1,313.75 of them were related to her injury. She argues that, as a consequence of opposing counsel's closing and her use of that slide, judgment as a matter of law is appropriate as to (1) Ferritto's negligence and that (2) such negligence proximately caused her at least some injury.

9. Ms. Prince alternatively moves for a new trial pursuant to Superior Court Civil Rule 59(a). In that motion, she seeks a new trial on two bases. First, she focuses on a jury question posed to the Court during deliberations. There, the jury asked the Court how the Court would calculate a reduction in damages in the comparative negligence context. In response, with input from the parties, the Court referred the jury to the comparative negligence instruction. Because of that question, Ms. Prince argues that the jury must have, at that point, already found that Ferritto was negligent. She also argues that the jury's verdict was against the great weight of the evidence. In that regard, she emphasizes Ms. Prince's pre-injury texts to Ferritto complaining about the condition of the porch.

10. Two separate standards apply to these motions. First, a motion for judgment as a matter of law is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for

3

the party on that issue."[1]  The Court must view the findings in the light most favorable to the non-moving party and determine whether a reasonable jury could "justifiably find in favor of the non-moving party."[2]  In contrast, when considering a motion for a new trial, the Court must "*weigh[] the evidence* in order to determine if the verdict is one which a reasonably prudent jury would have reached."[3]  The motion should be granted "only if the jury's verdict is 'clearly the result of passion, prejudice, partiality, or corruption,' or the evidence 'preponderates so heavily against the jury verdict that a reasonable jury could not have reached the result.'"[4]

11.  Ms. Prince cites no authority in support of her motion for judgment as a matter of law based upon opposing counsel's comments at closing.  Furthermore, even if such admissions were binding, Ferritto's counsel did not admit what Ms. Prince alleges.  Rather, she admitted in her argument that the bills were reasonable and necessary—not reasonable, necessary, and *related* to the incident.  Furthermore, defense counsel caveated any admission she did make by arguing that any medical bills awarded would be appropriate only if the jury found that the incident had occurred.  For Ms. Prince's argument to prevail, Ferritto would have also had to concede that the incident happened and that it was negligent.  Ferritto's counsel did neither.  Here, after proper instruction on the law, the jury executed special interrogatories reflecting its

---

[1] Super. Ct. Civ. R. 50(a)(1).  *See also Brown v. Liberty Mut. Ins. Co.*, 774 A.2d 232, 245 (Del. 2001) (describing the trial court's standard of review when considering a motion for judgment as a matter of law).

[2] *Delaware Elec. Co-op., Inc. v. Pitts*, 633 A.2d 369, 1993 WL 445474, at *1 (Del. 1993) (TABLE) (explaining the Delaware Supreme Court's review of the trial court's decision on a motion for judgment as a matter of law is the same as the trial court's review was when making the decision).

[3] *Burgos v. Hickok,* 695 A.2d 1141, 1144–45 (Del. 1997) (emphasis added) (contrasting the standards of review between a motion for judgment as a matter of law and a motion for a new trial).

[4] *Lang v. Morant*, 867 A.2d 182, 185 (Del. 2005) (quoting *Walker v. Campanelli,* 2004 WL 397043 (Del. 2004) and *Storey v. Camper,* 401 A.2d 458, 465 (Del. 1979)).  *See also Burgos*, 695 A.2d at 1145 (recognizing that "[b]arring exceptional circumstances, a trial judge should set aside a jury verdict pursuant to a Rule 59 motion only when the verdict is manifestly and palpably against the weight of the evidence, or for some reason, justice would miscarry if the verdict were allowed to stand").

4

findings that neither the landlord nor the property manager "were negligent in any manner that proximately caused Deedra Prince's injury."

12. In disputed liability cases, a defense attorney in a civil personal injury case often prudently addresses potential damages. Concessions in closing arguments by a defense attorney that the jury could adversely conclude that a disputed incident occurred, that there may have been negligence, and that the disputed incident may have caused harm, does not erase the existence of significant contrary evidence. Here, trial evidence supported three different potential findings, all of which could have independently justified this defense verdict. Namely, the evidence supported a reasonable jury's finding that Ms. Prince's foot did not go through a board in the porch. It also adequately supported a reasonable jury's finding that Ferritto was not negligent. Finally, because of Ms. Prince's greater than two years of documented preexisting pain in the same body part, the evidence supported a reasonable finding that any such incident did not proximately cause her injury. Even taking Ferritto's alleged admission at face value, such admission would not change the result given any of these three defense-favorable findings. As a result, Ms. Prince's motion for judgment as a matter of law must be denied.

13. With regard to her motion for a new trial, Ms. Prince's claim that a new trial is required because the jury asked the Court how it would calculate a reduction in damages is likewise without merit. Ms. Prince cites no authority for such a premise. There is none. When reviewing the evidence under the applicable standard for a new trial, a reasonable jury could have concluded that the incident did not occur, Ferritto was not negligent, or if Ferritto was negligent, that its negligence did not proximately cause injury to Ms. Prince. Any such findings are logically subsumed within the jury's responses to the special interrogatories. Facts supporting these three alternatives include the following: (1) Ms. Prince's failure to report the alleged incident to her landlord or property manager for more than two weeks after the incident; (2) when

belatedly reporting the incident to Ferritto, her text referenced her medical providers believing that she suffered a work injury; (3) no reference in multiple provider records about the alleged porch incident for more than six months after the incident; (4) no physical evidence substantiating a broken board on the porch; (5) no witnesses to corroborate Ms. Prince's testimony about the alleged incident; (6) the testimony of a contractor that examined the porch in December 2016 who told Ferritto that the porch was safe; and (7) significant medical documentation that her left foot problem preexisted the incident.

14.     The Court recognizes that Ms. Prince's testimony coupled with the testimony of her expert generated factual issues regarding all elements of her claim. In this respect, evidence at trial would have supported a reasonable inference that Ms. Prince's theory of the case was correct. However, the Court must examine the totality of the evidence when considering the reasonableness of a jury's verdict. The trier of fact must evaluate the credibility of the witnesses and weigh the evidence. Here, the jury permissibly exercised its discretion and fulfilled its duty based upon the evidence presented. Ms. Prince's motion for a new trial must therefore also be denied.

WHEREFORE, for the reasons discussed herein, Plaintiff's motion for judgment as a matter of law and motion for a new trial must both be **DENIED**.


/s/Jeffrey J Clark
Judge