**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

SHARON SMACK-DIXON and ) 
WILLIAM MASON DIXON, ) 
            ) 
         **Plaintiffs,** ) 
            ) 
       **v.** )    **C.A. No. N18C-09-220 PRW** 
            ) 
WAL-MART, INC. ) 
            ) 
         **Defendant.** ) 

Submitted: January 7, 2023 
Decided: January 25, 2023

## ORDER

*Upon Defendant Wal-Mart, Inc's Motion for a New Trial,* 
**DENIED**.

This 25th day of January, 2023, upon consideration of the Defendant's motion for a new trial (D.I. 82), the Plaintiffs' response (D.I. 85), and the record in this matter, it appears to the Court that:

(1)     Plaintiff Sharon Smack-Dixon filed a personal injury lawsuit against Wal-Mart, Inc. for injuries arising out of a slip-and-fall at a Wal-Mart store in Seaford, Delaware on October 22, 2016. Ms. Smack-Dixon complained she suffered injuries requiring her to undergo back and hip surgery.[1]

(2)     As relevant here, Mrs. Smack-Dixon designated one of her treating

---

[1]   Mr. Dixon was added as a plaintiff when the Complaint was amended to include a claim for loss of consortium. D.I. 41.

doctors, Nichols Theodore, M.D., as her expert medical witness. Before trial, Wal-Mart sought to preclude portions of Dr. Theodore's proffered testimony concerning Mrs. Smack-Dixon's hip injury.[2]

(3)     The Court denied Wal-Mart's motion *in limine*, finding Dr. Theodore was qualified to opine on the causation question.[3]

(4)     The action was subsequently tried before a jury. The jury returned a verdict finding Wal-Mart negligent, that Wal-Mart's negligence was a proximate cause of Ms. Smack-Dixon's injuries, and that Ms. Smack-Dixon was in no way negligent in the slip-and-fall incident.[4] The jury awarded Ms. Smack-Dixon $250,000 in damages and awarded Mr. Dixon $25,000 in damages.[5]

(5)     Wal-Mart filed a timely motion for a new trial, and Plaintiffs answered shortly thereafter.

(6)     Upon Rule 59 motion for a new trial, "[t]he jury's verdict is presumed to be correct,"[6] though the Court may "order a new trial when the jury's verdict is

---

[2]     *Smack-Dixon v. Wal-Mart, Inc.*, 2021 WL 3012056, at *1 (Del. Super. Ct. July 16, 2021).

[3]     *Id.* at *7.

[4]     Verdict Form, at 34-35, Dec. 6, 2022 (D.I. 81).

[5]     *Id.* at 36.

[6]     *Galindez v. Narragansett Housing Assocs., L.P.*, 2006 WL 3457628, at *1 (Del. Super. Ct. Nov. 28, 2006) ("The standard of review on a motion for new trial is well-settled."); *Kelly v. McHaddon*, 2002 WL 388120, at *4 (Del. Super. Ct. Mar. 4, 2002) (same).

tainted by legal error committed by the trial court before or during the trial."[7]  When considering a motion for a new trial, the Court ascribes "enormous deference" to the jury's verdict and to the jury's role as the ultimate finder of fact.[8]  "Thus, the Court will not disturb a jury's verdict unless 'the evidence preponderates so heavily against the jury verdict that a reasonable jury could not have reached the result.'"[9]

(7)     Wal-Mart's motion for a new trial effectively seeks a re-argument of the Court's earlier decision denying its motion *in limine* to exclude certain proffered testimony by Dr. Theodore.[10]  Specifically, Wal-Mart asserts Dr. Theodore was "not competent" "to provide the necessary causal bridge between the accident and [Mrs. Smack-Dixon's] alleged hip injuries."[11]

(8)     Wal-Mart relies on a single Delaware Supreme Court case—*Peters v. Gelb*[12]—to support its position that Dr. Theodore's hip-injury testimony should have been excluded.

(9)     This Court's decision[13] that was affirmed in *Gelb* is helpful but

---

[7]  *Gillen v. Cont'l Power Corp.*, 2014 WL 1347491, at *2 (Del. Super. Ct. Apr. 7, 2014) (citation omitted).

[8]  *Crist v. Connor*, 2007 WL 2473322, at *1 (Del. Super. Ct. Aug. 31, 2007) (citation omitted).

[9]  *Balderson v. Freeman*, 2007 WL 1378343, at *2 (Del. Super. Ct. May 9, 2007) (quoting *Storey v. Camper*, 401 A.2d 458, 465 (Del. 1979)).

[10]  Wal-Mart only seeks "a new trial on the issue of damages." Wal-Mart's Mot. for New Trial ¶ 10, Dec. 19, 2022 (D.I. 82).

[11]  *Id.* ¶ 8 ("Dr. Theodore was not competent to address the contested hip issues.").

[12]  *Id.* ¶ 9 (citing 314 A.2d 901 (Del. 1973)).

[13]  *Peters v. Gelb*, 303 A.2d 685 (Del. Super. Ct. 1973), *aff'd*, 314 A.2d 901 (1973).

distinguishable here. In the underlying *Gelb* decision, this Court found that in the preceding fifteen to twenty years the "body of knowledge concerning the results of vasectomy procedures" had changed, yet the testifying expert "had not maintained a study in recent years of the developments in the field."[14] And because he "lacked the current expertise which is required of one who is called upon to express a professional opinion concerning probable causation of unfavorable results following [such] surgical procedure" he was unqualified to provide the proffered testimony.[15]

(10) That is not the case here. As the Court previously found in its decision denying Wal-Mart's motion *in limine*, "Dr. Theodore stated he has diagnosed Mrs. Smack-Dixon's specific hip issue—trochanteric bursitis—in patients before."[16] "He was able to explain the symptoms and give a description of the procedure Dr. Hornstein performed on Mrs. Smack-Dixon."[17] And his "competency in this particular case is further supported by his review of over 1,900 pages of Mrs. Smack-Dixon's pre- and post-injury medical records; this includes Dr. Hornstein's office and operative notes, which Dr. Theodore relied upon in forming his hip causation opinion."[18]

---

[14] *Id.* at 688 (citation omitted).

[15] *Id.*

[16] *Smack-Dixon*, 2021 WL 3012056, at *4.

[17] *Id.*

[18] *Id.*

(11)  In its present motion, Wal-Mart insists Dr. Theodore cannot be considered a competent expert on the hip injury complained-of, because, in his practice, he refers patients with such maladies to hip specialists.[19]  But that does not diminish his own ability to provide hip-relevant expert testimony.[20]  As the Court found on Wal-Mart's motion *in limine*, Dr. Theodore has the "'knowledge, skill, experience, training, or education' necessary to give an expert opinion on Mrs. Smack-Dixon's hip injuries despite his own now-specialized surgical practice concentrating on the spine."[21]

(12)  The Court's refusal to limit Dr. Theodore's expert medical testimony was not a legal error and thus the admission of that testimony could not have tainted the jury's verdict such that a new trial would be required.

(13)  For the reasons stated above, Wal-Mart's motion for a new trial is **DENIED**.

**SO ORDERED this 25th day of January, 2023**.

**Paul R. Wallace, Judge**

Original to Prothonotary
cc:    All counsel via File & Serve

---

[19]  Wal-Mart's Mot. for New Trial ¶ 5.

[20]  *Smack-Dixon*, 2021 WL 3012056, at *4 (finding Dr. Theodore qualified to opine on causation after noting "from a diagnostic standpoint, [Dr. Theodore] identifies hip problems all the time and refers those patients out to hip surgeons for further care").

[21]  *Id.* (citing D.R.E. 702).